# SAMUEL & STEIN

### ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**DAVID STEIN**
dstein@samuelandstein.com

Sept. 25, 2020

ADMITTED IN
NY, NJ, PA, IL, DC

**VIA ECF**

Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Almonte Ortega, et al. v. Ernie's Auto Detailing Inc., et al.**
*Case Number 20-cv-3007 (BMC)*

Dear Judge Cogan:

We represent plaintiffs and opt-in plaintiffs in the above-captioned matter, and we submit this joint letter to the Court on behalf of all parties in accordance with the Court's Order of July 7, 2020.

**Plaintiffs' Positions**

Plaintiffs filed the instant complaint on July 7, 2020; it alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216(b) (Fair Labor Standards Act, or "FLSA"), and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' complaint alleges that they were drivers and auto detailers assigned by defendant Ernie's Auto Detailing ("Ernie's") to perform labor at Brooklyn and Manhattan car dealerships owned by defendant Bay Ridge Automotive Management Corp. ("BRAM")  (Upon information and belief, BRAM owned/managed all of the auto dealerships for whom the named plaintiffs worked.  Opt-in plaintiffs, however, may have been assigned by Ernie's to work at dealerships unaffiliated with BRAM, including some in Westchester County.)

The named plaintiffs allege that they worked at assorted times ranging from June 2014 to December 2019 (some of the opt-in plaintiffs still work for Ernie's.), and they performed tasks such as delivering cars from one dealership to another as well as washing and detailing vehicles.  They worked six days per week, routinely working more than 40 hours per week, and generally were paid by business check, rather than by payroll check, on an hourly basis below the New York State minimum wage and without premium overtime compensation.  The complaint asserts parallel claims under the FLSA and New York Labor Law ("NYLL") for the overtime violations and under the NYLL for the minimum wage violation.  In addition, the complaint asserts certain NYLL claims sharing a common nucleus of fact with those claims: (1)

Hon. Brian M. Cogan, U.S.D.J.
September 25, 2020
Page 2 of 3

plaintiffs worked shifts in excess of ten hours, without a spread of hours bonus; and (2) defendants failed to supply plaintiffs with wage notices and statements (or compliant ones as to plaintiff Berroa Hernandez) required by the Wage Theft Prevention Act.

Plaintiffs therefore seek actual and liquidated damages under the Fair Labor Standards Act and New York Labor Law. Based upon plaintiffs' firsthand experience and discussions with co-workers, plaintiffs believe that this case is appropriate for collective and class certification under the FLSA and New York Labor Law. (As the Court is aware, several additional plaintiffs have already filed opt-in forms, and we anticipate filing more shortly.) For that reason, plaintiffs believe a longer than 90 day fact discovery period will be necessary.

**Ernie's Defendants' Positions:**[1]Defendants Ernie's and Ernesto Decena deny Plaintiffs' factual allegations and intend to assert numerous defenses, both legal and factual as to the named and/or putative opt-in Plaintiffs' claims. Initially, the Complaint fails to state an overtime wage claim because it contains generalized allegations regarding the number of hours Plaintiffs claim to have worked throughout their employment and thus does not comply with the Second Circuit's pleading standard for FLSA claims; the parties will confer regarding this issue and any proposed amended Complaint. Regardless, Plaintiffs' claims against Mr. Decena and BRAM should be dismissed because the Complaint fails to plead sufficient facts to support a claim against either under the economic realities test. Even if the Court were to find that Plaintiffs sufficiently state a claim, Ernie's disputes Plaintiffs' allegations regarding their hours of work, and will assert additional individual defenses, including defenses relating to the FLSA overtime exemptions (including, *inter alia*, the motor carrier and executive exemptions) and the tip credit provisions of the New York Labor Law. For these and other reasons Defendants dispute the appropriateness of the class and/or collective action groups asserted by Plaintiffs.

Plaintiffs do not contemplate any motions at this time, but do intend to pursue a collective action and class certification at the appropriate junctures. As discussed above, Defendants Ernie's Auto Detailing Inc. and Ernesto Decena anticipate filing a formal request for a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint, absent agreement regarding a proposed amendment.

We are available at the Court's convenience should the Court have any questions regarding the contents of this letter in advance of the telephonic initial conference scheduled for September 30, 2020 at 12:30 p.m.

Respectfully submitted,

David Stein

---

[1] BRAM, which just recently appeared in this action, joins this section including specifically the position regarding BRAM as a purported joint employer.

Hon. Brian M. Cogan, U.S.D.J.
September 25, 2020
Page 3 of 3


cc:     Noel P. Tripp, Esq. (via ECF)
        Jaime Sanchez, Esq. (via ECF)
        Marc B. Zimmerman, Esq. (via ECF)
        Kathryn T. Lundy, Esq. (via ECF)