# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Direct
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  631-247-4661
MY EMAIL ADDRESS IS:  NOEL.TRIPP@JACKSONLEWIS.COM

September 28, 2020

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Rm. 704S
Brooklyn, New York 11201

      Re: *Jorge Almonte Ortega, et al. v. Ernie's Auto Detailing Inc., et al.*
        Civil Case No.:  20-cv-3007

Dear Judge Cogan:

  As counsel for Defendants Ernie's Detailing, Inc. ("Ernie's") and Ernesto Decena (together the "Ernie's Defendants") in the above-referenced matter, we write further to the parties' initial submission (Dkt. 23) and the Court's Orders (Dkt. 5, Minute Order 09/25/2020) to amplify the factual and legal bases for Defendants' defenses as to the current Plaintiffs,[1] with apologies for deficiencies in the defense portion of the original submission.  Defendant Bay Ridge Automotive Management Corp. ("BRAM") joins in this supplemental submission[2] (Ernie's Defendants and BRAM collectively are referred to herein as the "Defendants").  Defendants respectfully assert the following defenses:

---

[1] As of this writing there are a total of eleven (11) Plaintiffs: 5 Named Plaintiffs and 6 Opt-in Plaintiffs.

[2] As the fictitious "other entities controlled by Bay Ridge Automotive Management Corp." named as Defendants in this action are undetermined and unidentifiable, we are unable to respond on their behalf at this time.

**JacksonLewis**

Hon. Brian M. Cogan
USDC/EDNY
September 28, 2020
Page 2

### I. Motions/Defenses Related to Plaintiffs' Current Pleading.[3]

Ernie's Defendants intend to move to dismiss Plaintiffs' Complaint as against the individual Defendant, Mr. Decena, because the allegations against Mr. Decena (Dkt. 1 ¶¶ 21-22) merely parrot the applicable legal standard, reciting as "factual" allegations the elements of the economic realities test, notwithstanding that any specific factual details relating to the Individual Defendant would be "wholly within [plaintiff's] possession." *Wolman v. Catholic Health Sys. of Long Island*, No. 10-CV-1326, 2011 U.S. Dist. LEXIS 48223, at *10 (E.D.N.Y. May 5, 2011). This boilerplate is insufficient to withstand a motion to dismiss. *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, *2 (S.D.N.Y. Apr. 8, 2009) (dismissing Plaintiff's FLSA claims against the individual defendants because the complaint did not sufficiently allege the degree of control by each individual defendant over the "Plaintiff's hours, wages, or other terms and conditions of employment"); *Tracy v. NVR, Inc.*, 04 CV 6451, 2009 U.S. Dist. LEXIS 90778, *15 (W.D.N.Y. Sept. 30, 2009) a*ff'd in relevant part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ("Generally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee."). This position is consistent with this Court's decision in *Hanchard-James v. Brookdale Family Care Centers, Inc. et al.*, E.D.N.Y. Case No. 12-cv-1922, Dkt. 23 (08/08/2012).[4]

### II. Defenses to Plaintiffs' Purported NY Labor Law Minimum Wage Claims.

While the Named Plaintiffs allege that "plaintiffs' rates of pay were always below the statutory state minimum wages in effect at relevant times" (Dkt. 1 ¶ 52), the Complaint does not uniformly allege same.[5] For example, Plaintiff Berroa Hernandez's allegations regarding

---

[3] Ernie's Defendants also submit that Plaintiffs' allegations regarding their hours worked (Compl. ¶ 48) are allegations that they would commonly work certain hours per week and thus "require the court to engage in the impermissible speculation precluded by the Second Circuit in [*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)]". *Marciano v. SJN Adjustment Grp.*, No. 18-CV-5222 (DLI) (JO), 2019 U.S. Dist. LEXIS 172799, at * (E.D.N.Y. Sep. 30, 2019). Recognizing that such deficiency is curable, to avoid motion practice Ernie's intends to Answer the current Complaint, but preserves this objection.

[4] While Plaintiffs' instant Complaint, unlike in *Hanchard-James*, does allege that Mr. Decena is "an owner or part owner and principal of Ernie's, who has the power to hire and fire employees, set wages and schedules, and maintain their records," (Dkt. 1 ¶ 20), this allegation is "the paradigmatic formulaic recitation of the elements of a cause of action against an individual Defendant in an FLSA case." *Huer Huang v. Shanghai City Corp.*, No. 19-cv-7702 (LJL), 2020 U.S. Dist. LEXIS 82245 (S.D.N.Y. May 11, 2020)(internal quotations omitted)(dismissing claims against individual defendant in FLSA case).

[5] To the extent the rate paid was above the minimum wage applicable in the region, such Plaintiff would not be eligible for spread-of-hours pay. *Baltierra v. Advantage Pest Control Co.*, 2015 U.S. Dist. LEXIS 124961, at *16-17 (S.D.N.Y., Sept. 18, 2015) ("Most courts in this Circuit have ruled that New York's spread of hours provision applies only to employees earning minimum wage… This Court agrees with the majority view because the language of New York's spread of hours provision specifically states that the premium is 'in addition to the minimum wage'); *Pinovi v. FDD Enters., Inc.*, 2015 U.S. Dist. LEXIS 89154, at *5 (S.D.N.Y. July 8, 2015) ("[R]ecent case law has been nearly unanimous that the spread-of-hours requirement extends only to workers paid at the minimum wage

**JacksonLewis**

compensation (¶ 50(d)) assert that he was paid the state-wide New York minimum wage in 2016 of $9/hour. He also alleges a period of employment in White Plains (*id*. ¶ 43(d)), where the minimum wage since December 31, 2016 has been lower than in the boroughs of New York City. Similarly, Plaintiff Urena alleges wage rates during the early part of his employment at or above the prevailing minimum wage (even assuming the New York City-Large minimum wage applied to such time). *See* Compl. ¶ 43(b) (employment commenced in late 2016) and ¶ 50(b) (shortly after hire received $11/hour, the NYC-Large minimum wage through December 30, 2017).

To the extent any Plaintiff was paid less than the full then-applicable New York Labor Law minimum wage and that employee received gratuities in connection with his work (whether reported to Ernie's or not), he was working in an occupation in which tips customarily constitute part of compensation and the tip credit allowance at 12 N.Y.C.R.R. § 142-2.5(b) should apply. *Matter of Anthony Boumoussa*, N.Y. Industrial Board of Appeals Docket Number 09-058 (Decision dated February 7, 2011)("employees did testify that they received tips and testified as to approximate amounts and although the Petition alleges that DOL failed to take into account a 'tip allowance,' the audit shows that, even though the required records were not kept, in fact DOL did credit a tip allowance in calculating the Amended Wage Order")(https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-09-058.pdf)(last visited September 26, 2020); *Perez v. G&P Auto Wash*, 930 F. Supp. 2d 423, 433 (E.D.N.Y. 2013)(discussing tip credit application to carwash employees).[6]

### III.   Overtime Defenses

Ernie's' records will rebut Plaintiffs' overstated allegations regarding their hours of work,[7] as well as their sweeping allegations regarding Ernie's purported compensation policies.[8] As to any plaintiffs or putative Plaintiffs who worked in a supervisory capacity at a given auto dealership, Defendants will assert that they qualified for the executive and/ or administrative exemptions based on their duties as crew supervisors supervising, coaching, disciplining and interviewing crew employees, and making recommendations regarding hiring and firing which were given particular weight. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554 (2d Cir. 2012) (warehouse captains exempt under executive exemption). The Ernie's Defendants are still in the process of determining whether any of the current eleven Plaintiffs worked in such capacity.

---

level."). This Court agrees. *Hanchard-James v. Brookdale Family Care Centers, Inc. et al.*, E.D.N.Y. Case No. 12-cv-1922, Dkt. 18 (07/08/2012).

[6] Unlike the Hospitality Wage Order, the Miscellaneous Wage Order, Part 142, does not contain a written tip credit notice provision or other specific requirement relating to the tip allowance.

[7] Compl. ¶ 48.

[8] Compl. ¶¶ 63-65.

**JacksonLewis**

As to Plaintiffs engaged in the driving of vehicles (Compl. ¶¶ 43(a)-(c); 44) or related positions implicating transportation, Defendants will assert the motor carrier exemption as to FLSA and/or New York Labor Law claims. 29 U.S.C. § 213(b)(1)("MCA"). The scope of potential applicability of the MCA exemption will turn on the nature of the vehicles driven, the employee's role in transportation thereof, whether the vehicle was traveling in interstate commerce, and, for New York Labor Law purposes, whether application of the MCA exemption properly is based on the current FLSA exemption, or the version applicable at the time of its adoption under New York law; Ernie's Defendants submit that the latter applies. *See Archibald v. Marshalls of MA, Inc.*, No. 09-CV-2323 (LAP), 2009 U.S. Dist. LEXIS 106467 (S.D.N.Y. Nov. 12, 2009)("The [Miscellaneous Wage Order's overtime] regulation adopts the FLSA provisions as of the time of its enactment"); *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337 (E.D.N.Y. 2014)("The [Wage Order] overtime regulation is not an open-ended adoption of 'sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended' including any amendments made by Congress to those sections at any time in the future, but rather, it incorporates these sections as they existed at the time of the regulation's enactment").

Defendants anticipate making a dispositive motion on some or all of these substantive minimum wage and overtime issues at the close of discovery.

**IV.     BRAM's Defenses to Purported Joint Employer Claims**

BRAM denies it is a joint employer with Ernie's to any Plaintiff and/or putative class or collective member pursuant to the FLSA and/or NYLL.

BRAM maintained a contractor relationship with Ernie's Defendants to provide services to its automotive dealership. Testimony by BRAM's management and witnesses on behalf of Ernie's will establish BRAM played no role in hiring any Plaintiff and/or putative class or collective member nor did BRAM supervise or control such individuals' work schedule or conditions of employment to a substantive degree. Rather, the testimony and Ernie's records will reveal that Ernie's managerial employees were responsible for setting such individuals' work schedule, provided on-site supervision and even tracked all hours worked by these individuals using Ernie's own time clock at BRAM's facilities. Ernie's records (i.e., timesheets, paystubs and personnel files), and the complete omission of such records by BRAM, will demonstrate BRAM did not play a role in establishing such individuals' rate of pay or method of payment. Likewise, testimony will demonstrate BRAM did not exhibit functional control over the individuals because, among other reasons, the individuals were assigned tasks at varying dealerships (Compl. ¶¶ 43-45), BRAM could pass such assigned tasks to other contractors without material change and the individuals were not assigned discrete line jobs. Rather, the individuals were drivers or independently responsible for detailing vehicles. *Id.*

Accordingly, BRAM will argue it does not constitute a joint employer and maintains this separate basis, in addition to the reasons outline in Points II-III above, for an anticipated dispositive motion. *See Martin v. Sprint United Management Co.,* 273 F.Supp.3d 404 (S.D.N.Y. 2017) (granting defendants summary judgment holding the carrier was not a joint

employer); *Lawrence v. Adderley,* No. 09-cv-2309(SJF)(ETB), 2011 WL 666304 (E.D.N.Y. Feb. 11, 2011)(defendant not a joint employer under FLSA or NYLL because there was no indication of relevant control).

### V. Defenses to Plaintiffs' Putative Representative Claims.

While Defendants do not yet have the benefit of reviewing any certification motion, Defendants oppose certification beyond the scope supported by Plaintiffs' anticipated motion,[9] or any certification beyond the borders of New York based on a lack of jurisdiction over the FLSA claims of putative out-of-state Plaintiffs, as such claims arose outside New York.[10] This is doubly so to the extent Plaintiffs urge, as their Complaint (¶¶ 26, 33) and pre-conference position suggest, that the putative collective action could extend to the question of "employer" policies and joint employment between Ernie's and as-yet unidentified auto dealer customers of Ernie's other than BRAM. *Clarke v. Flik Int'l Corp.*, Civil Action No. 17-1915 (SRC), 2018 U.S. Dist. LEXIS 139052 (D.N.J. Aug. 16, 2018)(conditional certification limited to other hospitality employees at Defendant's client-specific cost center). Finally, depending on the scope of Plaintiffs' request, application of the defenses identified above may require person-by-person analysis of an employee's compensation and any applicable exemption. These individual issues militate against certification. *Romero v. H.B. Auto. Grp., Inc.*, 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012).

Finally, and in the interests of disclosure, the Ernie's Defendants note that Ernie's is the subject of ongoing investigations by the United States Department of Labor's ("USDOL") Mountainside, New Jersey office and New York State Department of Labor's ("NYSDOL") White Plains, New York office. Resolution of the USDOL and/or NYSDOL review may substantially impact the scope of the representative claims in the instant matter.

Depending on the scope of Plaintiffs' application – and mindful of the *Myers* standard for conditional certification – Defendants anticipate opposing conditional certification in whole or in part. As Defendants dispute Plaintiffs' sweeping allegations of common unlawful policies under the NYLL, they dispute the appropriateness of Rule 23 class certification based on the predominance of individualized questions. *Eduoard v. Nikodemo Operating Corp.*, No. 18-cv-5554 (BMC), 2019 U.S. Dist. LEXIS 130529 (E.D.N.Y. Aug. 2, 2019).

\* \* \* \* \* \* \* \*

---

[9] *Guan v. Long Island Bus. Inst., Inc.*, No. 15-CV-2215 (CBA) (VMS), 2016 U.S. Dist. LEXIS 106741 (E.D.N.Y. Aug. 11, 2016)(limiting notice to specific location based on scope of evidentiary "factual nexus" supported by Plaintiffs' application).

[10] *See Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264 (S.D.N.Y. 2019)(concluding, in light of *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S.Ct. 1773, 198 L. Ed. 2d 395 (2017), that the court could not exercise specific personal jurisdiction over the FLSA claims of out-of-state plaintiffs against defendants not subject to general personal jurisdiction in New York).

**JacksonLewis**

        Defendants apologize for the necessity of this supplemental submission and look forward to discussing these issues with the Court during the September 30, 2020 conference. We thank the Court for its continued attention to this matter.

        Respectfully submitted,

        JACKSON LEWIS P.C.

        *Noel P. Tripp*

        Noel P. Tripp

NPT:dc
cc:    All Counsel of Record via ECF

4826-2786-9644, v. 4
4826-2786-9644, v. 4