FREEBORN & PETERS LLP
Marc B. Zimmerman
mzimmerman@freeborn.com
Kathryn T. Lundy
klundy@freeborn.com
230 Park Avenue, Suite 630
New York, NY 10169
*Attorneys for Defendant Bay Ridge*
*Automotive Management Corp.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

Jorge Almonte Ortega, Joel Urena, Manuel Diaz-
Minaya, Odalis Berroa Hernandez, and Victor
Moreno, on behalf of themselves and all other persons
similarly situated,

                                 Plaintiffs,

              vs.

Ernie's Auto Detailing Inc., Ernesto Decena, Bay
Ridge Automotive Management Corp., *and other*
*entities controlled by Bay Ridge Automotive*
*Management Corp.*,

                           Defendants.

Case No. 20-cv-3007 (BMC)

**ANSWER WITH**
**AFFIRMATIVE DEFENSES**

-----------------------------------------------------------------X

       Defendant Bay Ridge Automotive Management Corp. ("BRAM"), by and through its

undersigned counsel, Freeborn & Peters LLP, as and for its Answer to the Amended Complaint

of Plaintiffs, Jorge Almonte Ortega, Joel Urena, Manuel Diaz-Minaya, Odalis Berroa Hernandez,

and Victor Moreno, on behalf of themselves and all other persons similarly situated ("Plaintiffs")

in the above-captioned action  (the "Complaint"), respond as follows:

       1.      Paragraph 1 of the Complaint does not set forth allegations of fact to which a

response is required.  To the extent a response is required, BRAM denies all substantive claims

alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or

collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.  BRAM further denies knowledge or information concerning the fictitious entities "*and other entities controlled by Bay Ridge Automotive Management Corp.*" as alleged in Paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint does not set forth allegations of fact to which a response is required.  To the extent a response is required, BRAM denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

3.     Denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.     Denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.     Denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.     Denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.     The allegations set forth in Paragraph 7 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and refers the Court to the referenced documents, the terms of which speak for themselves.

8.     Denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Denies the allegations set forth in Paragraph 9 of the Complaint, except admit that BRAM is a New York corporation with a principal place of business at 6401 6th Avenue Brooklyn, New York.

10.      The allegations set forth in Paragraph 10 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint to the extent they pertain to Defendants Ernie's Auto Detailing Inc. and Ernesto Decena (collectively the "Ernie's Defendants"); denies the allegations contained in Paragraph 10 of the Complaint to the extent they pertain to BRAM (including that BRAM was an employer of any of Plaintiffs); except admits that BRAM engaged in interstate commerce and/or the production of goods for commerce.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Admits the allegations contained in Paragraph 12 of the Complaint.

13.      Admits the allegations contained in Paragraph 13 of the Complaint to the extent they relate to BRAM; but denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint as they pertain to the Ernie's Defendants.

14.      The allegations set forth in Paragraph 14 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint as they pertain to the Ernie's Defendants and denies the allegations contained in Paragraph 14 of the Complaint to the extent they relate to BRAM.

15.      Denies the allegations set forth in Paragraph 15 of the Complaint.

16.     The allegations set forth in Paragraph 16 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies the allegations contained in Paragraph 16 of the Complaint.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     The allegations set forth in Paragraph 24 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies the allegations contained in Paragraph 24 of the Complaint.

25.     The allegations set forth in Paragraph 25 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM admits the Court generally has subject matter jurisdiction over claims brought pursuant to the Fair Labor Standards Act, but denies the Court should exercise supplemental jurisdiction over pendent state law claims and/or claims of putative opt-in Plaintiffs who performed work outside the State of New York.

26.     The allegations set forth in Paragraph 26 of the Complaint call for conclusions of law to which a response is not required.  To the extent a response is required, BRAM admits that venue is proper in this District Court but denies all remaining factual allegations.

27.     Admits that Plaintiffs purport to prosecute their alleged FLSA claims as a collective action pursuant to 29 U.S.C. § 207, but denies the remaining allegations contained in Paragraph 27 of the Complaint and that the purported putative class is appropriate as it relates to BRAM (including that any Plaintiffs were "employed by" BRAM).

28.     Admits that Plaintiffs purport to prosecute their alleged New York Labor Law claims pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), but denies the remaining allegations contained in Paragraph 28 of the Complaint and that the purported putative class is appropriate as it relates to BRAM (including that any Plaintiffs were "employed by" BRAM).

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, but denies that the purported putative class is appropriate as it relates to BRAM.

30.     Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 30 of the Complaint, but denies that BRAM has or maintains records identifying any potential members of the purported putative class alleged in the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, but denies that Plaintiffs, and/or any

putative class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, but denies that BRAM has taken any action relative to Plaintiffs, and/or any putative class or collective member, as alleged in the Complaint that give rise to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

35.     The allegations set forth in Paragraph 35(a)-(g) of the Complaint do not set forth allegations to which a response is required.  To the extent a response is required, BRAM denies having taken any action relative to Plaintiffs, and/or any putative class or collective member, as alleged in Paragraph 35(a)-(g) of the Complaint that give rise to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint and further denies all substantive claims alleging violations of the cited statutes and that Plaintiffs, and/or any putative class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 37 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint to the extent they pertain to the Ernie's

Defendants, but denies the allegations contained in Paragraph 38 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 39 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 40 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, except admits Ernie's Defendants supplied labor to car dealerships.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint, except admits BRAM owns and/or operates car dealerships in Manhattan and Brooklyn, New York as well as in New Jersey.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint, except admits BRAM owns and/or operates Audi Brooklyn and Bay Ridge Chevrolet in Brooklyn, New York and Lexus of Manhattan and Toyota of Manhattan in New York, New York.

44.     Denies knowledge or information sufficient to for a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except admits Defendant Ernie's Auto Detailing Inc. provided labor to certain car dealerships owned and/or operated by BRAM.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45(a)-(e) of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 45(a)-(e) of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 48 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

49.     The allegations contained in Paragraph 49 of the Complaint contain conclusions of law to which a response is not required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint as they relate to Ernie's Defendants, but deny the allegations contained in Paragraph 49 of the Complaint as they relate to BRAM (including that any Plaintiffs, and/or any putative class or collective member, were "employees" of BRAM).

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50(a)-(e) of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 50(a)-(e) of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 51 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52(a)-(e) of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 52(a)-(e) of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 53 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 54 of the Complaint to the extent

they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 55 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 56 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 57 of the Complaint to the extent they pertain to BRAM (including that Mr. Berroa Hernandez, and/or any Plaintiff or putative class or collective member, was employed by BRAM).

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 58 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint to the extent they pertain to the Ernie's

Defendants, but denies the allegations contained in Paragraph 59 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 60 of the Complaint to the extent they pertain to BRAM (including that plaintiff Diaz-Minaya, Mr. Berroa Hernandez and/or any Plaintiff or putative class or collective member, was employed by BRAM).

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 61 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 62 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 63 of the Complaint to the extent they pertain to BRAM (including that Mr. Berroa Hernandez, and/or any Plaintiff or putative class or collective member, was employed by BRAM).

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 64 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 65 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 66 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 67 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint to the extent they pertain to the Ernie's Defendants, except admits that BRAM did not pay a "spread of hours" premium to Plaintiffs, and/or any putative class or collective member, as they were not employed by BRAM).

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 69 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 70 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 71 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

**ANSWERING THE ALLEGATIONS OF COUNT I**

72.     Repeats and realleges the foregoing responses as if more fully set forth at length herein.

73.     The allegations set forth in Paragraph 73 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 73 of the Complaint to the extent they pertain to BRAM

(including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 74 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 75 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 76 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

## ANSWERING ALLEGATIONS OF COUNT II

77.     Repeats and realleges the foregoing responses as if more fully set forth at length herein.

78.     The allegations set forth in Paragraph 78 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies

the allegations contained in Paragraph 78 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 79 of the Complaint to the extent they pertain to BRAM.

80.     The allegations set forth in Paragraph 80 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 80 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

81.     The allegations set forth in Paragraph 81 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 81 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

82.     The allegations set forth in Paragraph 82 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 82 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

<strong><u>ANSWERING ALLEGATIONS OF COUNT III</u></strong>

83.     Repeats and realleges the foregoing responses as if more fully set forth at length herein.

84.     The allegations set forth in Paragraph 84 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 84 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

85.     The allegations set forth in Paragraph 85 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 85 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

86.     The allegations set forth in Paragraph 86 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 86 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 86 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

87.     The allegations set forth in Paragraph 87 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

<u>**ANSWERING ALLEGATIONS OF COUNT IV**</u>

88.     Repeats and realleges the foregoing responses as if more fully set forth at length herein.

89.     The allegations set forth in Paragraph 89 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 89 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

90.     The allegations set forth in Paragraph 90 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

17

Paragraph 90 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 90 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

91.     The allegations set forth in Paragraph 91 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 91 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

92.     The allegations set forth in Paragraph 92 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

**ANSWERING ALLEGATIONS OF COUNT V**

93.     Repeats and realleges the foregoing responses as if more fully set forth at length herein.

94.     The allegations set forth in Paragraph 94 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 94 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 94 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

95.     The allegations set forth in Paragraph 95 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 95 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

96.     The allegations set forth in Paragraph 96 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies the allegations contained in Paragraph 96 of the Complaint to the extent they pertain to BRAM (including that any Plaintiffs, and/or any putative class or collective member, was employed by BRAM).

97.     The allegations set forth in Paragraph 97 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs,

and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

98.     The allegations set forth in Paragraph 98 of the Complaint set forth conclusions of law to which a response is required.  To the extent a response is required, BRAM denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint to the extent they pertain to the Ernie's Defendants, but denies all substantive claims alleging violations of the cited statutes and further denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim for relief asserted in the Complaint.

## ANSWERING THE "PRAYER FOR RELIEF" CLAUSE

99.     Denies that Plaintiffs, and/or any class or collective member, are/is entitled to any relief or damages as against BRAM under any asserted claim or relief asserted in the Complaint, including the relief requested in the "PRAYER FOR RELIEF" clause of the Complaint, and sub-paragraphs "a" through "o" thereunder.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted against BRAM.

## SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because some of the Plaintiffs and/or putative class or collective members were engaged in driving vehicles or related positions implicating the motor carrier exemption as to FLSA and/or the New York Labor Law claims.

## THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because, upon information and belief, some of the Plaintiffs and/or putative class or collective members qualified for executive and/or administrative exemptions based on their duties for the Ernie's Defendants.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because BRAM did not employ any Plaintiff and/or putative class or collective member, and does not constitute a joint employer with the Ernie's Defendants with respect to any Plaintiff and/or putative class or collective member, pursuant to the FLSA and/or NYLL because, among other things: (1) BRAM maintained a contractor relationship with Ernie's Defendants to provide services to its automotive dealership; (2) BRAM played no role in hiring any Plaintiff and/or putative class or collective member; (3) BRAM did not supervise such individuals' work schedule or conditions of employment to a substantive degree; (4) BRAM did not play a role in establishing such individuals' rate of pay or method of payment; and (5) BRAM did not exhibit functional control over such individuals.

## FIFTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor any putative class or collective member, can establish that any alleged violation of the FLSA or NYLL was willful.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, some or all of Plaintiffs, and putative class or collective members, are properly classified as exempt from the overtime compensation and minimum wage provisions of the FLSA and NYLL.

## SEVENTH AFFIRMATIVE DEFENSE

Although BRAM denies that it employed any of, or owes any unpaid wages or other amounts to, Plaintiffs and/or any putative class or collective member, if it is determined that such

monies are owed by BRAM, then BRAM asserts that at all relevant times to this action BRAM acted in good faith and had reasonable grounds for believing that its acts and/or omissions were not a violation.

## EIGHTH AFFIRMATIVE DEFENSE

Although BRAM denies that it employed any of, or owes any unpaid wages or other amounts to, Plaintiffs and/or any putative class or collective member, if it is determined that such monies are owed by BRAM, BRAM's actions were not taken with knowledge that such actions were in violation of the law, nor were the actions taken in reckless disregard to whether its actions violated the law.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, this action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiffs, and any putative class or collective member, that were not reported in accordance with any applicable policies or procedures.

## TENTH AFFIRMATIVE DEFENSE

BRAM is not a proper party to this action because it was not an "employer" of Plaintiffs within the meaning of any applicable law, statute, rule or regulation and therefore cannot be held liable for any alleged violations of the laws, statutes or regulations asserted by Plaintiffs or for any of Plaintiffs' alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Claims by Plaintiffs and/or any putative class or collective member are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Claims for damages by Plaintiffs and/or any putative class or collective member are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The allegations of Plaintiffs' Complaint are insufficient to warrant an award of punitive damages against BRAM. BRAM's conduct was not willful, wanton and/or egregious and punitive damages are not available on Plaintiffs' FLSA and NYLL claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Although BRAM denies it owes any unpaid wages or other amounts to Plaintiffs and/or any putative class or collective member, if it is determined that such monies are owed, then BRAM asserts that at all times relevant to this action it acted in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation of the applicable regulatory bodies, and/or applicable judicial rulings.

### FIFTEENTH AFFIRMATIVE DEFENSE

The allegations of Plaintiffs' Complaint are insufficient to warrant an award of attorneys' fees against BRAM.

### SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are not similarly situated with those they allege are potential members of a class or collective action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are unable to meet the criteria necessary to maintain a class action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Class certification is not appropriate pursuant to section 216(b) of the FLSA.

## NINTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, this action may not be maintained as a class action under Fed. R. Civ. P. 23 with respect to claims under the New York Labor Law, as, individual issues predominate over common issues and the claims of the named Plaintiffs are not typical of those of other putative class members.

## TWENTIETH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action under Fed. R. Civ. P. 23.  Upon information and belief, the named Plaintiffs lack standing to assert injury on behalf of the purported class as a result of Defendants' alleged actions

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claim for liquidated damages under the New York Labor Law may not be maintained as a class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs and the putative class and collective members are not entitled to overtime compensation insofar as they did not work in excess of forty (40) hours per workweek.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs were provided notices and statements sufficient for purposes of New York Labor Law § 195, and even if Plaintiffs were not provided a notice or statement in the form or format required by that section, Plaintiffs' claims are barred because complete and timely payments of all wages due to Plaintiffs under Article 6 and 19 of the New York Labor Law was provided.

## <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

BRAM reserves the right to assert any additional defenses that may exist.

Dated: New York, New York
        October 8, 2020

                                       **FREEBORN & PETERS LLP**

                          By: <u>/s/ Marc B. Zimmerman</u>
                              Marc B. Zimmerman
                              Kathryn T. Lundy
                              230 Park Avenue, Suite 630
                              New York, NY 10169
                              (212) 218-8760
                              *Attorneys for Defendant Bay Ridge*
                              *Automotive Management Corp.*