| | | |
|---|---|---|
| **U.S. Department of Labor**<br>**Office of the Solicitor** | 201 Varick Street, Room 983<br>New York, NY 10014<br>Tel:     (646) 264-3653<br>Fax:    (646) 264-3660<br>Email:   tai.amy@dol.gov |  |

Reply to the Attention of:     Amy Tai, Esq.

February 5, 2021

<u>Via ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Ortega v. Ernie's Auto Detailing, Inc., et al.*, Case No. 20-CV-3007 (BMC)
              *Rosario v. Ernie's Auto Detailing, Inc., et al.*, Case No. 20-CV-3762 (BMC)
              *Perez v. Ernie's Auto Detailing, Inc., et al.*, Case No. 20-CV-4798 (BMC)

Dear Judge Cogan:

Plaintiff Milton Al Stewart,[1] Acting Secretary of Labor, United States Department of Labor (the "Secretary"), respectfully submits this letter in response to the Court's Order dated January 19, 2021, inviting the Secretary to advise the Court on his position regarding: (1) consolidating the Secretary's FLSA case, *Stewart v. Ernie's Auto Detailing Inc., et al.*, No. 20-CV-17785 in the District of New Jersey (the "Secretary's action") with the three above-captioned actions ("private actions") in one forum; (2) coordinating discovery; (3) staying the proceedings of the three private actions; and (4) anything else related to these actions. *See Ortega*, ECF No. 40. As discussed below, to avoid confusion and collateral issues hindering the Secretary's enforcement of the FLSA in the public interest, and to minimize inefficiencies in litigation, the Secretary's action should proceed in the District of New Jersey, this Court should not consolidate the four actions in one forum, coordinated discovery is not necessary, and the private actions need not be stayed pending the outcome of the Secretary's action.

The Secretary's FLSA Action

On December 2, 2020, the Secretary filed a complaint against Defendants Ernie's Auto Detailing Inc. and Ernesto Decena a/k/a Buenaventura E. Decena (collectively, the "Defendants") in the District of New Jersey. *See* Secretary's Compl., ECF. No. 1. Pursuant to his authority under sections 16(c) and 17 of the Fair Labor Standards Act (the "FLSA"), the Secretary brings his action to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA. *See* 29 U.S.C. §§ 216(c), 217. Specifically, the Secretary alleges that

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Milton Al Stewart is automatically substituted for Plaintiff Eugene Scalia in *Stewart v. Ernie's Auto Detailing Inc., et al.*, No. 20-CV-17785 in the District of New Jersey.

Defendants willfully violated the FLSA's overtime and recordkeeping requirements by: (1) failing to pay overtime to their employees—car detailers, car washers, drivers, and valets—who regularly worked 45 to 70 hours per week throughout New Jersey, New York, Connecticut, and Pennsylvania; and (2) manipulating pay records to hide their violations and feign compliance with the FLSA. The Secretary currently seeks to recover unpaid overtime back wages and liquidated damages for 1,504 employees, the majority of whom worked in New Jersey. *See* Exhibit A to Secretary's Compl., ECF No. 1-1. The individuals on Exhibit A to the Secretary's Complaint do not include the private action plaintiffs who filed consents to sue prior to the filing of the Secretary's Complaint. Defendants filed their Answer to the Secretary's Complaint on February 1, 2021.

The Secretary's Enforcement of the FLSA is in the Public Interest

The Secretary's FLSA action is distinct from that of private litigants. *See* 29 U.S.C. §§ 216(b), 216(c). Most significantly, unlike the private actions, the Secretary's enforcement of the FLSA is focused on the public interest. As the government agency charged by Congress with enforcing the FLSA, the Secretary's enforcement action seeks to ensure the broadest possible reach of the statute's essential protections. In addition to recovering back wages and liquidated damages, the Secretary seeks to enjoin Defendants from violating the FLSA and other injunctive relief. The Secretary's authority to seek such injunctive relief is "to vindicate a public, and not a private, right." *Marshall v. Chala Enterprises, Inc.*, 645 F. 2d 799, 804 (9th Cir. 1981). Indeed, an employee's right to file a private action under section 16(b) of the FLSA terminates upon the filing of the Secretary's complaint pursuant to sections 16(c) or 17 of the Act. *See* 29 U.S.C. §§ 216(b), 216(c). This public policy difference significantly affects the Secretary's litigation strategy, discovery, legal arguments, and potential settlement position, among other critical issues that arise in cases. Accordingly, the Secretary must be able to pursue his enforcement action in the public interest unconstrained by considerations relating to these private actions, which are not only in a different forum but vary by parties, alleged facts, claims, legal standards, legal theories, jury demands, among other elements.

    a.  **Proceeding in the District of New Jersey**

The Secretary maintains that the District of New Jersey is the proper forum for the Secretary's action. The majority of the employees on the Secretary's Exhibit A worked in New Jersey. Similarly, the majority of the worksites where Defendants' employees worked are in New Jersey. *See* Secretary's Compl., ECF No. 1, ¶ 11 ("Defendants' employees worked at approximately 87 worksites in New Jersey, 52 worksites in New York, 3 worksites in Connecticut, and 1 worksite in Pennsylvania."). Thus, while the FLSA violations took place in multiple states, a significant amount of all the violations occurred in New Jersey. *See* 28 U.S.C. § 1391(b)(2).

    b.  **Consolidating Actions in One Forum is Not Warranted**

Consolidation is not warranted because the Secretary's action is distinct in policy, procedure, and factual and legal issues from the private actions, such that consolidation would not further judicial efficiency. Moreover, the Secretary's action proceeding in the District of New Jersey, separate from the private actions, will "avoid[] prolonging and confusing the [Secretary's] case

with collateral issues, and focus[] the fact-finder's attention on the public interest . . . being advanced by the Government, rather than monetary interests of private plaintiffs." *In re American Express Anti-Steering Rules Antitrust Litigation*, Nos. 11-MD-02221 (NGG)(RER), 10-CV-4496 (NGG)(RER), 2014 WL 558759, at *2 (E.D.N.Y. Feb. 11, 2014) (declining consolidation of anti-trust actions brought by government and private plaintiffs for public policy reasons) (citing *Sam Fox Publishing Co., Inc. v. United States*, 366 U.S. 683, 693 (1961); *Int'l Mortg. & Inv. Corp. v. Von Clemm*, 301 F.2d 857, 862 (2d Cir. 1962)).

There are many collateral issues in the private actions that at best, are not relevant to the Secretary's action, and at worst, would hinder the Secretary's enforcement of the FLSA. On the face of the complaint, the primary common cause of action among the plaintiffs is the FLSA section 7 overtime claim. However, a closer look at the allegations in the complaints filed in the private actions reveal significant procedural differences and some factual allegations and legal theories distinct from the Secretary's action. A critical difference in both policy and procedure is that the Secretary is the sole plaintiff in his action, and he does not represent any employees. *See* 29 U.S.C. § 216(c) (authorizing the Secretary to recover unpaid back wages and liquidated damages owing to employees). In contrast, the private actions seek to pursue collective and class actions. In serving the public interest, the Secretary's action should not be hindered by the issues and questions that accompany the certification process in the private actions. This procedural difference also highlights how consolidation would not promote efficiency.

Some other differences between the Secretary's action and the private actions include: (i) the Secretary alleges violations of the FLSA's overtime and recordkeeping requirements, whereas the private actions allege much more—*e.g.*, FLSA minimum wage violations, New York Labor Law violations of minimum wage, overtime, spread of hours pay, and wage and hour notice requirements, and a discrimination claim pursuant to the New York State Human Rights Law, *see, e.g.*, *Perez*, ECF No. 22, ¶¶ 39, 62-65; (ii) Plaintiffs Perez and Rosario have sought a jury demand, whereas no such jury demand has been made in the Secretary's action; and (iii) the *Ortega* and *Rosario* actions include additional defendants that the Secretary's Complaint currently do not include.[2] While these issues do not necessarily preclude consolidation as a general matter, here, with both government and private plaintiffs, the plaintiffs' interests, factual and legal theories, and litigation strategy may not be aligned.

    c. **Discovery and Stay of Proceedings**

For the same reasons and examples discussed above, coordinating discovery between the Secretary's action and the private actions would likely hinder and delay the Secretary's enforcement of the FLSA. In addition to the complications and confusion that may arise when

---

[2] *Ortega* alleges that another entity, Bay Ridge Automotive Management Corp. ("BRAM"), "and other entities controlled by Bay Ridge Automotive Management Corp," jointly employed Defendants' employees. *See Ortega*, ECF No. 29, ¶ 16. Similarly, *Rosario* includes five additional individual "Doe" defendants, who according to that complaint, are managers that should be individually liable for the FLSA violations. *See Rosario*, ECF No. 1, ¶¶ 20-24.

attempting to coordinate discovery with varied parties, claims (and statutory periods),[3] and legal issues, the Secretary will likely assert certain government privileges that are intended to protect, *inter alia*, the public interest, enforcement of the FLSA, and the functions of the Department of Labor.

The Secretary does not currently see a need to stay the private actions pending the outcome of the Secretary's action. Should the Secretary need to revisit this position as litigation proceeds, the Secretary will inform the Court of his concerns.

Thank you for the opportunity to share the Secretary's positions on the above matters.

Respectfully submitted,

Jeffrey S. Rogoff
Regional Solicitor

By:     */s/ Amy Tai*
        Amy Tai
        Senior Trial Attorney

---

[3] The private actions, with a six-year statute of limitations under the New York Labor Law, cover a longer time period than the Secretary's claims, which begin in January 2017. *See* Secretary's Compl., ECF No. 1, ¶¶ 93-95. Accordingly, the private plaintiffs will likely seek discovery of wage hour records for time periods not anticipated in the Secretary's action.