# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: 631-247-4661
MY EMAIL ADDRESS IS: NOEL.TRIPP@JACKSONLEWIS.COM

July 16, 2021

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Ortega, et al. v. Ernie's Auto Detailing Inc., et al.*
         Civil Case No.:  20-cv-3007 (BCM)

Dear Judge Cogan:

This joint letter is submitted on behalf of Plaintiffs and Defendants in the above action.[1]  Counsel for the parties jointly respectfully request that Your Honor approve the parties' proposed Settlement Agreement resolving Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA") attached as **Exhibit 1**, and dismiss this case with prejudice[2] in conformity with *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).[3]

## I.     Background: Wage Claims and Defenses

As the Court is aware, Plaintiffs were drivers and auto detailers who worked at Ernie's Auto Detailing, Inc. ("Ernie's"). Plaintiffs allege that they did not receive overtime premium pay under the Fair Labor Standards Act ("FLSA") and  the New York Labor Law ("NYLL"), and also asserted violations of the minimum wage, spread-of-hours, and Wage Theft Act provisions of the NYLL.[4]  *See generally* Dkt. 29 (Amended Complaint).  Plaintiffs

---

[1] Although Defendant Bay Ridge Automotive Management Corp. ("BRAM") is not a signatory to the parties' Settlement Agreement, it joins in the parties' request that the Agreement be approved and the case be dismissed with prejudice.

[2] Plaintiffs' counsel is still collecting signatures from several opt-in Plaintiffs.  The parties anticipate submitting the fully conformed agreement, along with a signed stipulation of dismissal in the form attached to Exhibit 1 as Exhibit A thereto, as expeditiously as those signatures can be obtained.

[3] Defendants take no position with respect to Section III (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues under the supervision doctrine.

[4] As courts in this District have observed, the supervision requirement does not apply to resolution of NYLL claims, which may be waived by private agreement.  *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020).  *See Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*,

**JacksonLewis**

specifically alleged that during their employment they were not paid appropriate overtime (*id.* ¶¶ 53, 58), were paid below the statutory state minimum wage (*id.* ¶ 54), did not receive spread pay (*id.* ¶ 61) and did not receive the requisite documentation under the WTPA (*id.* ¶ 62).

Defendants denied all Plaintiffs' allegations, asserting that neither BRAM nor Defendant Ernesto Decena ("Decena") were a joint employer of any Plaintiff. Ernie's asserted that Plaintiffs received appropriate hourly and overtime wages at or above the NYLL minimum wage based on time and pay records it maintained and asserted additional defenses. *See* Dkt. 23-24 (summarizing case background and defenses).

Based on these disputes, at the parties' request, the parties were referred to mediation on February 18, 2021. *See* Order dated February 18, 2021. The parties also exchanged court-ordered discovery prior to their mediation session, including production of Plaintiffs' time and pay records. The parties participated in two lengthy virtual mediation sessions on March 24, 2021 and April 6, 2021, utilizing an experienced panel mediator, Marjorie Berman, Esq. Following continued settlement discussions and the voluntary production of financial information,[5] an agreement in principle was reached on or about May 28, 2021. The parties discussed the strengths and weaknesses of the case and reached global agreement, assigning $90,000 to Plaintiffs' FLSA overtime claims, reflecting a compromise on the disputed issues and related considerations outlined herein. This amount is in excess of Ernie's' view of the full FLSA overtime wages owed, and approximately 60% of the amount of such wages owed under Plaintiffs' view, for the period within the FLSA statute of limitations. The parties respectfully request that Your Honor approve the FLSA settlement and dismiss this action.[6]

---

2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011)("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law). Plaintiffs' 2017 overtime claims were within the limitations period under both laws.

[5] At mediation, Ernie's also asserted an inability to pay a large judgment based on the pendency of other litigation, specifically the *Scalia* (now *Walsh*) action. Dkt. 38-39.

[6] Plaintiffs have separately resolved their non-FLSA-based claims through a separate agreement, consistent with this Court's past practice as well as other courts in this District and the SDNY. *Maurice v. Lasante Health Center Inc., et al.*, E.D.N.Y. Case No. 19-CV-6055 at Dkt. 15 (January 23, 2020)(Cogan,J); *Mejia v. Gulf2Bay Softwash Corp., et al.,* E.D.N.Y. Case No. 19-cv-05286 (JMA)(AKT) (Order dated 08/28/2020)(Azrack, J.); *Greene v. Brady Risk, et al.*, E.D.N.Y. Case No. 19-cv-00970 (Minute Order 12/13/2019)(Feuerstein,J). *See Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017)("such a bifurcated settlement agreement is permissible" under *Cheeks*); *Abrar v. 7-Eleven, Inc.*, 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) (approving "bifurcated settlement structure" with review of FLSA settlement under *Cheeks* and confidential settlement of non-FLSA claims); *Santos v. Yellowstone Properties, Inc. et al.*, S.D.N.Y. Case No. 15-cv-03986 Dkt. 26, 30 5/10/16; *Brown v. Advanced Tattoo Management Consulting, Corp. et al.*, E.D.N.Y. Case No. 15-cv-436 (ARL) Dkt. 35, 36, 05/17/16; *Aly, et al. v. Dr. Pepper*, E.D.N.Y. Case No. 18-cv-4230(FB)(LB); *Miuzzo, et al. v. Residential Fence*, E.D.N.Y. Case No. 18-cv-2901(JFB)(ARL); *Chowdhury v. Brioni America, Inc.*, 16-CV-344 (HBP) (November 29, 2017) (Pitman, M.J.). "Judges in this District routinely approve `bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval . . . but enter into a separate [agreement]" that addresses the non-FLSA claims) quoting *Ortiz v. Breadroll, LLC*, 16-CV-7998 (JLC), 2017 WL 2079787 at * 2 (S.D.N.Y. May 15, 2017).

**JacksonLewis**

## II.    The Proposed Settlement should be Approved

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KevBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), *citing Lynn's Food*, 679 F.2d at 1353-54. "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Lliauichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted).

The Parties – with the assistance of mediator Berman – agreed that *bona fide* disputes existed regarding, *inter alia*, (1) Ernie's timekeeping and whether individuals received premium overtime; and (2) the amount of overtime damages.  These facts coupled with the relatively swift payment timetable to Plaintiffs (as opposed to a speculative payment after protracted litigation) weigh in favor of settlement, particularly in light of the concerns raised regarding Ernie's ability to withstand a larger judgment.  Pursuant to the terms of the settlement agreement, the Ernie's Defendants are paying $90,000 to resolve Plaintiffs' FLSA claims. Considering the numerous risks in this case, including the risk of taking nothing, Plaintiffs' counsel believes that this settlement is an excellent result for the Plaintiffs, and it should be approved as fair.  *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

This settlement thus constitutes a reasonable compromise of contested issues, reached based on arm's length negotiations between experienced FLSA counsel assisted by an experienced mediator.  The terms of the FLSA Agreement are in accordance with *Cheeks'* admonitions relating to non-economic terms: it has been publicly filed for the purpose of judicial review for fairness, it does not contain any confidentiality or non-disparagement provisions, and the release is limited to FLSA claims.

## III.    The Attorneys' Fees Are Fair and Reasonable

The Ernie's Defendants agree to pay Plaintiffs' attorneys' fees and costs in the amount of $30,000, which equals Plaintiffs' counsel's actual costs plus a one-third attorneys' fee. Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Santos v. EL Tepeyac Butcher Shop Inc.*, 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). This one-third contingency - agreed upon by Plaintiff in his retainer agreements and approximately equal to Plaintiff's Counsel's lodestar[7] relating to

---

[7] For documentation of plaintiffs' counsel's lodestar, see the Declaration of David Stein submitted contemporaneously as **Exhibit 2**.

# JacksonLewis

The Honorable Brian M. Cogan
USDC/EDNY
July 16, 2021
Page 4

the FLSA claim, as discussed below - is regularly approved in this circuit in FLSA cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp*., 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

The attorney's fee represents one-third (33.3%) of the total FLSA settlement amount after deducting for expenses and is reasonable. Plaintiffs' counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiffs' job duties, hours worked and compensation, commenced this action, prepared a detailed assessment of damages, and negotiated the settlement. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on the Plaintiffs' behalf. As such, Plaintiffs' counsel's attorneys' fees should be approved as fair and reasonable.

## IV.  <u>Conclusion</u>

The parties reached a fair and reasonable settlement of all FLSA claims after the exchange of relevant document discovery through Court-annexed mediation, and corresponding settlement negotiations. The parties respectfully request that Your Honor approve the attached settlement and dismiss this action following submission of the stipulation of dismissal.

Respectfully submitted,

SAMUEL & STEIN
ATTORNEYS FOR PLAINTIFFS
1441 Broadway, Suite 6085
New York, New York  10018
(212) 563-9884

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
ERNIE'S AUTO DETAILING, INC. and
ERNESTO DECENA
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404

By:      _____s/_____
          DAVID STEIN, ESQ.

By:      _____s/_____
          NOEL P. TRIPP, ESQ.

cc:      Counsel of Record (via ECF)

4838-3487-8956, v. 8

# EXHIBIT 1

## FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act Settlement and Release Agreement (the "Agreement") is made by and between Ernie's Auto Detailing Inc. ("Ernie's Auto and Ernesto Decena (collectively, "Defendants"), on the one hand, and Named Plaintiffs Jorge Almonte Ortega, Joel Urena, Manuel Diaz-Minaya, Odalis Berroa Hernandez  and Victor Moreno, together with putative opt-in Plaintiffs Nolvin Anibal Perez, Eliseo A. Segura, Jose Luis Estrada, Vielman Segura, Ignacio Monterroso, Manuel Alejandro De La Cruz, and Misael Darden Reyes (collectively)"Plaintiffs") on the other hand.  Plaintiffs and Defendants are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiffs and Defendants that resulted in Plaintiffs filing of a lawsuit in the United States District Court for the Eastern District of New York (the "Court") titled *Jorge Almonte Ortega, et al. v. Ernie's Auto Detailing Inc., et al.*, Civil Action No. 20-cv-3007 (the "Lawsuit"), in which Plaintiffs asserted, *inter alia*, that Defendants failed to pay Plaintiffs proper overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and other legal requirements.

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Defendants, at any time through the date that the last Plaintiff signs this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.** The Parties agree to seek dismissal of the Lawsuit, in its entirety, by filing with the Court a joint motion to approve this Agreement and dismiss Plaintiffs' claims with prejudice. Plaintiffs authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiffs' FLSA claims and dismissing the Lawsuit with prejudice.  In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable at Defendants' option.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been

executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement.  Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

      **2.**    **Release of FLSA Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiffs, for themselves and their respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waive, release, and forever discharge Defendants and their predecessors, successors, all former, current, and future related organizations, companies, divisions, investors, subsidiaries, affiliates, clients, customers (including but not limited to Bay Ridge Automotive Management Corp. ("BRAM") and BRAM's current and former (as applicable) parents, subsidiaries, divisions, affiliated and related entities, officers, directors, shareholders, principals, managers, employees, representatives, agents, attorneys, successors and assigns), insurers, and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, pursuant to the FLSA, in particular claims for payment of minimum wage and overtime compensation arising under the FLSA along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

      **3.**    **No Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiffs further acknowledge that Defendants deny all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

      **4.**    **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Ernie's Auto agree to pay Plaintiffs the amounts listed in **Exhibit B** totaling Ninety Thousand Dollars ($90,000) in four installments with the first occurring within ten (10) business days of the Effective Date, which shall be the date upon which the last of the following events occurs: (i) Plaintiffs and Defendants sign this Agreement; (ii) Plaintiffs and Plaintiffs' attorneys complete, execute, and submit IRS Form W-9s to counsel for Defendants; (iii) the Parties' motion to approve this Agreement is granted by the Court; and (iv) the Lawsuit is dismissed with prejudice.  Ernie's Auto may, at its own option, pay any or all of the amounts set forth in Exhibit B prior to the deadlines set forth therein.

      For each of these payments, half of such sum shall be treated as wages and subject to withholdings and income taxation, and the remaining half shall be treated as non-wage liquidated damages.  Ernie's Auto will issue an IRS Form W-2 to each Plaintiff representing the

portion of each payment treated as wages and an IRS Form 1099 to each Plaintiff representing the portion of each payment treated as liquidated damages, with appropriate withholding including backup withholding as appropriate.

As set forth in Exhibit B, from the total settlement payment identified above the Corporate Defendants shall issue payments directly to Samuel & Stein in the total amount of Thirty Thousand Dollars ($30,000), representing payment of Plaintiffs' attorneys' fees and Plaintiffs' litigation costs. Plaintiffs' counsel's provision of an appropriately completed IRS Form W-9 shall be a condition precedent to such payment. Defendant Ernie's Auto shall issue IRS Forms 1099 for the payment of attorneys' fees to Plaintiffs' counsel and Plaintiffs.

All payments contemplated by this Paragraph 4 shall be delivered by overnight delivery to 1441 Broadway, Suite 6085, New York, NY 10018, to the attention of David Stein, Esq. so that they are received according to the schedule specified in Exhibit B.

All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), wire transfer, or attorney trust account check or payroll check. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiffs and/or Plaintiffs' counsel for any bank fees incurred as a result of the returned check(s).

Plaintiffs and Plaintiffs' counsel agree to indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's or counsel's failure to pay taxes for which that individual is responsible. Defendants do not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

5.      **Other Affirmations by Plaintiffs.**  Plaintiffs also agree and affirm that each is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that Plaintiffs have consulted with their attorneys, Samuel & Stein, prior to signing this Agreement; that each has been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, Plaintiffs would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement.

6.      **Force Majeure Relating to Further Pandemic.**  In the event the Governor of New York declares a state of emergency based on an epidemic or pandemic at any time after the Parties' motion to approve this Agreement is granted by the Court, Ernie's Auto shall be excused from performance hereunder to the extent that the deadline(s) for them to make any remaining payment(s) shall be extended by the number of days equal to the period of emergency.

7.      **Successors and Assigns**.  Upon the merger or consolidation of Ernie's Auto into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of Ernie's Auto, this Agreement and Release shall bind and inure to the benefit of both Ernie's Auto and the acquiring, succeeding, or surviving entities, as the case may be.

8.   **Miscellaneous.**

(a)   **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.  A waiver or consent expressly given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

(b)   **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c)   **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)   **Choice of Law; Forum selection.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state.  The Parties consent to the sole jurisdiction of the United States District Court for the Eastern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Kings County.

(e)   **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

(f)   **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)   **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 10, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

(h)   **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this

Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case Plaintiffs shall return the consideration received.

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

ERNIE'S AUTO DETAILING, INC.

_7/16/2021_
Date

Ernesto Decena

_7/16/2021_
Date

I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

Jorge Almonte Ortega

Date:

I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

Joel Urena

Date:

FLSA Settlement and Release Agreement, Page 6

I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)


_____          _____
Manuel Diaz-Minaya                                   Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)


_____          _____
Odalis Berroa Hernandez                            Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)


_____          _____
Victor Moreno                                           Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)


_____          _____
Nolvin Anibal Perez                                   Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)


_____          _____
Eliseo A. Segura                                        Date

I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

_____          _____
Jose Luis Estrada                                          Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

_____          _____
Vielman Segura                                            Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

_____          _____
Ignacio Monterroso                                       Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

_____          _____
Manuel Alejandro De La Cruz                       Date


I affirm that the foregoing has been read to me in Spanish and I understand the contents thereof.

(Confirmo que me ha sido leído en español lo anterior, y lo entiendo.)

_____          _____
Misael Darden Reyes                                    Date

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

Jorge Almonte Ortega, Joel
Urena, Manuel Diaz-Minaya,
Odalis Berroa Hernandez, and
Victor Moreno, on behalf of
themselves and all other
persons similarly situated,

                                    Plaintiffs,

                    -against-                                    Civil Case No.:  20-cv-3007 (BMC)

Ernie's Auto Detailing Inc.,
Ernesto Decena, Bay Ridge
Automotive Management Corp.,
*and other entities controlled*
*by Bay Ridge Automotive*
*Management Corp.*,

                                    Defendant.

-----------------------------------------------------------X


## STIPULATION OF DISMISSAL WITH PREJUDICE

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and

Defendants Ernie's Auto Detailing Inc., Ernesto Decena, Bay Ridge Automotive Management

Corp. and other entities controlled by Bay Ridge Automotive Management Corp. that, the parties'

FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

("Agreement") having been found to constitute a fair and reasonable compromise of a *bona fide*

dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys'

fees, costs or disbursements to Plaintiffs or Defendants by the Court.  Pursuant to the terms of the

Agreement, the Court retains jurisdiction over disputes between the parties for purposes of

enforcement of the settlement.

        [INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

FLSA Settlement and Release Agreement, Page 10

SAMUEL & STEIN
*ATTORNEYS FOR PLAINTIFFS*
1441 Broadway, Suite 6085
New York, New York 10018
Tel.: (212) 563-9884

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS ERNIE'S AUTO DETAILING, INC. AND ERNESTO DECENA*
58 South Service Rd., Ste. 250
Melville, New York  11747
Tel.:  (631) 247-0404

By: _____
      DAVID STEIN, ESQ.

By: _____
      NOEL P. TRIPP, ESQ.
      JAIME SANCHEZ, ESQ.

Dated: _____

Dated: _____

FREEBORN & PETERS LLP
*ATTORNEYS FOR DEFENDANT BAY RIDGE AUTOMOTIVE MANAGEMENT CORP.*
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
Tel.:  (212) 218-8760

By: _____
      MARC B. ZIMMERMAN, ESQ.
      KATHRYN T. LUNDY, ESQ.

Dated: _____

SO ORDERED THIS ____ DAY OF_____, 2021

_____
United States District Judge

# EXHIBIT B

| Date | Samuel & Stein | Eliseo A. Segura Aguilar | Ignacio Monterroso | Joel Urena | Jorge Almonte Ortega | Jose Luis Estrada | Manuel Alejandro de la Cruz |
|---|---|---|---|---|---|---|---|
| 10 Business Days of Effective Date | $15,000.00 | $4,339.91 | $ 2,019.83 | $ 1,796.01 | $1,834.23 | $3,766.72 | $ 3,051.59 |
| 30 Days After Payment 1 Above | $ 5,000.00 | $ 1,446.64 | $ 673.28 | $ 598.67 | $ 611.41 | $1,255.57 | $1,017.20 |
| 30 Days After Payment 2 Above | $ 5,000.00 | $ 1,446.64 | $ 673.28 | $ 598.67 | $ 611.41 | $1,255.57 | $1,017.20 |
| 30 Days After Payment 3 Above | $ 5,000.00 | $ 1,446.64 | $ 673.28 | $ 598.67 | $ 611.41 | $1,255.57 | $1,017.20 |

| Date | Manuel Diaz Minaya | Nolvin Anibal Perez | Odalis Berroa | Victor Moreno | Misael Darden Reyes | Vielman Armando Segura |
|---|---|---|---|---|---|---|
| 10 Business Days of Effective Date | $ 1,001.73 | $4,449.09 | $3,297.24 | $1,670.46 | $999.00 | $1,774.18 |
| 30 Days After Payment 1 Above | $ 333.91 | $1,483.03 | $1,099.08 | $556.82 | $333.00 | $591.39 |
| 30 Days After Payment 2 Above | $ 333.91 | $1,483.03 | $1,099.08 | $556.82 | $333.00 | $591.39 |
| 30 Days After Payment 3 Above | $ 333.91 | $1,483.03 | $1,099.08 | $556.82 | $333.00 | $591.39 |

4825-2789-0927, v. 5

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs

| | |
|---|---|
| Jorge Almonte Ortega, Joel Urena, Manuel Diaz-Minaya, Odalis Berroa Hernandez, and Victor Moreno, on behalf of themselves and all other persons similarly situated,<br><br>      Plaintiffs,<br><br>- vs. –<br><br>Ernie's Auto Detailing Inc., Ernesto Decena, Bay Ridge Automotive Management Corp., and other entities controlled by Bay Ridge Automotive Management Corp.,<br><br>      Defendants. | DOCKET NO. 20-cv-3007 (BMC)<br><br><br>**DECLARATION OF**<br>**DAVID STEIN, ESQ.** |

      I, David Stein, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I am David Stein, a partner at Samuel & Stein, attorneys for the named plaintiffs Jorge Almonte Ortega, Joel Urena, Manuel Diaz-Minaya, Odalis Berroa Hernandez, and Victor Moreno, as well as seven FLSA opt-in plaintiffs, and I am fully familiar with the matters set forth herein.

2. Pursuant to Samuel & Stein's policy, all attorneys maintain contemporaneous time records, recording the work performed on a specific date and the time spent to the tenth of an hour on that work.

3. Those records are input into the TimeSlips time tracking software program.

4. Attached hereto as Exhibit A is a true and accurate printout reflecting the time records maintained by Samuel & Stein with respect to this matter.

5. I was the lead counsel on this case, and I either performed the work myself or oversaw the work of my senior associate, David Nieporent.

6. I am primarily responsible for prosecuting this action. I am a founding partner of Samuel & Stein, a New York City based law firm that concentrates its practice on wage-and-hour litigation. I have been counsel of record in more than 350 federal wage-and-hour cases. After graduating from George Mason University School of Law, I have been continuously practicing law since 1990. I have been admitted to practice in the state of New York since the year 2000, and have been focusing my practice on Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits almost exclusively since 2008, including trying several federal wage and hour cases to verdict and serving as lead counsel in a 400-class member, $1.4 million federal wage-and-hour collective and class action (*Campbell et al. v. Steadman Parking et al.*, 12-cv-4318 (SMG)) in the Eastern District, lead counsel in an 80-class member, $1.375 million federal wage-and-hour collective and class action (*Quow et al. v. Accurate Mechanical et al.*, 15-cv-9852 (KHP)) in the Southern District, co-lead counsel on a $3.2 million federal wage and hour collective and class action (*Kim et al. v. Diskal Inc., et al.*, 14-cv-2822 (RLM)) in the Eastern District, lead counsel in a 469-class member, $225,000 federal wage-and-hour collective and class action (*Gomez et al. v. TNJ Enterprises et al.* 16-cv-4824 (LDW)) in the District of New Jersey, and lead counsel in a 152-member,

$236,500 federal wage-and-hour collective action (*Talbert et al. v. Garda CL Great Lakes, Inc.*, 13-cv-10353 (AJT)) in the Eastern District of Michigan.

7. In addition to being admitted in the Southern and Eastern Districts of New York, the District of New Jersey, and the Eastern District of Michigan, I am admitted to practice in Illinois, Pennsylvania, New Jersey, and the District of Columbia.

8. David Nieporent is a senior associate at Samuel & Stein. He has been practicing law since 2001 and has been admitted to practice in the state of New York since 2011. Since 2008, his practice has consisted primarily of wage-and-hour litigation, and he has second chaired several wage and hour trials in federal court. He is also admitted to practice in the state of New Jersey, as well as having been admitted to practice in the Southern and Eastern Districts of New York, the District of New Jersey, and the Eastern District of Michigan.

9. I have reviewed our time and expense records, and I certify that these records reflect work reasonably and necessarily performed, and expenses reasonably and necessarily incurred, in connection with the litigation of this matter.

10. My rates are billed at $400 per hour; Mr. Nieporent's rates are billed at $325 per hour. (In addition, when an attorney performed work of a basic character, I reduced the attorney rate charged for that task to $125 per hour.)  I believe these rates to be reasonable in this District for experienced attorneys for cases of this type and commensurate with the fees awarded to this firm in other cases of this type.

11. For example, in other cases of this nature in this district, similar rates were awarded.  *See Mendez v. Casa Blanca Flowers, Ltd.*, 2014 WL 4258943, at *6

(E.D.N.Y. July 8, 2014), *report and recommendation adopted*, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-80 for legal support staff.") (collecting cases); *Tacuri v. Nithin Constr. Co.*, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015) (prevailing hourly rates for partners range from $300 to $400); *Griffin v. Astro Moving & Storage Co. Inc.*, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are $200 to $325 for senior associates).

12. Moreover, those fees have been approved on our behalf by other judges in this district.  For example, Judge D'Arcy Hall recently awarded us those rates.  *Lopez et al. v. Ki Moon Restaurant Inc., et al.*, 2021 WL 681710, at *3 (E.D.N.Y. Jan. 28, 2021), *report and recommendation adopted by* 2021 WL 681382 (E.D.N.Y. Feb. 22, 2021).  And in the past we have been awarded fees of $375 and $325 in wage and hour cases in this district. *Fabre et al. v. Highbury Concrete Inc., et al.*, 2018 WL 2389719 (E.D.N.Y. May 24, 2018); *Vega v. K & C Interior Construction Corp., et al.*, 2018 WL 4376486 (E.D.N.Y. Aug. 28, 2018), *report and recommendation adopted by* 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018).

13. And in the Southern District, where rates are a bit higher, we were recently awarded fees of $425 and $325, respectively, by Magistrate Judge Netburn in *Solano v. Andiamo Café Corp.*, 2021 WL 2201372 (S.D.N.Y. June 1, 2021), and fees of $400 and $325, respectively, by Judge Broderick in *Severino v. 436 West LLC, et al.*, 13-cv-3096 (VSB), Docket Entry 80 (October 28, 2016); by Judge Briccetti in

*Lu v. Nails by Ann, Inc., et al.*, 15-cv-8906 (VB), Docket Entry 48 (April 19, 2018); by Judge Torres in *Perez-Luna v. Ageha Japanese Fusion, Inc., et al.*, 2018 WL 8996336 (S.D.N.Y., September 28, 2018); by Judge Oetken in *Zhu v. Salaam Bombay, Inc., et al.*, 2019 WL 76706 (January 2, 2019), and by Judge Daniels in *Martinez et al. v. 2009 Bamkp Corp. et al.*, 2019 WL 7708607 (S.D.N.Y. December 10, 2019), *report and recommendation adopted by* 2020 WL 409691 (S.D.N.Y. January 23, 2020).

14. Based upon our records, plaintiffs incurred the following attorneys' fees.

| Attorney | Class | Rate[1] | Total Hours | Total |
|---|---|---|---|---|
| David Stein | Senior Partner | $400 | 36.9 | $14,430.00 |
| David Nieporent | Senior Associate | $325 | 59.0 | $19,110.00 |
| **TOTAL** | | | **95.9** | **$33,540.00** |

15. This lodestar figure is in excess of the fees to which Samuel & Stein would be entitled under the FLSA Settlement Agreement in this matter, based on the 33.3% contingency fee arrangement we have with plaintiffs.

16. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 15, 2021

_____

David Stein, Esq.

---

[1] This is the primary billing rate for that individual; as described *supra*, some tasks were billed at lower rates because of the nature of the task. That information is reflected in the billing records attached as Exhibit A.

# EXHIBIT A

7/8/2021
7:59 PM

Samuel and Stein
Fee Submission

Page        1

---

## Selection Criteria

---

Clie.Selection                    Include: Almonte Ortega, Jorge

---

Nickname          Almonte Ortega, Jorge | 421
Full Name

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|-------|------|------|------|-------|
| 7/17/2019 | David N.<br>Conference<br>Initial meeting with Jorge Almonte Ortega to discuss potential case against former employer | 325.00 | 1.40 | 455.00 | Billable |
| 7/18/2019 | David N.<br>Research<br>Online and database research about Ernie's Auto and Bay Ridge Automotive to determine who the appropriate defendants would be in such a case, assess their corporate structures, and assess viability of claims against them | 325.00 | 2.20 | 715.00 | Billable |
| 8/19/2019 | David N.<br>Conference<br>Initial meeting with Joel Urena to discuss his joining with Jorge Almonte Ortega in potential case against former employer | 325.00 | 1.50 | 487.50 | Billable |
| 10/3/2019 | David N.<br>Conference<br>Initial meeting with Manuel Diaz-Minaya to discuss his joining in Almonte Ortega case | 325.00 | 0.80 | 260.00 | Billable |
| 12/16/2019 | David N.<br>Conference<br>Conference with Odalis Berroa Hernandez about joining Almonte Ortega case | 325.00 | 1.20 | 390.00 | Billable |
| 12/26/2019 | David N.<br>Conference<br>Meeting with Victor Moreno about joining case against Ernie's Auto | 325.00 | 1.00 | 325.00 | Billable |
| 1/7/2020 | David N.<br>Conference<br>Conference with Manuel de la Cruz regarding participation in case against Ernie's Auto | 325.00 | 0.90 | 292.50 | Billable |
| 6/12/2020 | David N.<br>Research<br>Further research into Bay Ridge Automotive and Ernie's, to make final determination about which entities to sue and to research past litigation history (3.3); begin drafting complaint (.5) | 325.00 | 3.80 | 1,235.00 | Billable |

7/8/2021                                   Samuel and Stein
7:59 PM                                    Fee Submission                                        Page      2

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 6/16/2020 | David S.<br>Review<br>Review/edit/modify David Nieporent's draft complaint. | 400.00 | 0.70 | 280.00 | Billable |
| 7/7/2020 | David N.<br>Prep Pleadings<br>Finalize complaint, summons, civil cover sheet for filing (1.7);  Review individual practices of Judge Cogan, and review initial conference order including required submissions (.4) | 325.00 | 2.10 | 682.50 | Billable |
| 8/10/2020 | David S.<br>Correspondence<br>Emails from and to DoL investigator re: our having been contacted by potential opt-in plaintiff Eliseo Segura, who also is a DoL claimant in an investigation involving defendants. | 400.00 | 0.10 | 40.00 | Billable |
| 8/10/2020 | David N.<br>Phone client<br>Telephonic initial conference with Eliseo Segura about joining Almonte Ortega case (1.3); Research BMW Port Chester location to determine whether it could be brought into case as additional defendant (.5) | 325.00 | 1.80 | 585.00 | Billable |
| 8/12/2020 | David N.<br>Phone client<br>Telephonic initial conference with Nolvin Anibal Perez about joining Ernie's Auto case | 325.00 | 1.00 | 325.00 | Billable |
| 8/13/2020 | David S.<br>Correspondence<br>Drafting/preparing letter to J. Cogan re: request to adjourn initial conference. | 400.00 | 0.30 | 120.00 | Billable |
| 8/13/2020 | David S.<br>Draft<br>Filing via ECF letter to J. Cogan requesting adjournment of initial conference. | 125.00 | 0.10 | 12.50 | Billable |
| 8/14/2020 | David N.<br>Review<br>Review order granting request for adjournment of initial conference to give us time to serve defendants | 325.00 | 0.20 | 65.00 | Billable |
| 8/17/2020 | David S.<br>Draft<br>Filing via ECF consent to sue on behalf of opt-in plaintiff Nolvin Anibal Perez. | 125.00 | 0.10 | 12.50 | Billable |
| 8/19/2020 | David S.<br>Draft<br>Filing via ECF consent to sue for opt-in plaintiff Eliseo Segura. | 125.00 | 0.10 | 12.50 | Billable |

7/8/2021                                Samuel and Stein
7:59 PM                                Fee Submission                               Page    3

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 8/20/2020 | David S.<br>Correspondence<br>Email to and from DoL investigator re: opt-in plaintiffs Nolvin Anibal Perez and Eliseo Segura having joined the case. | 400.00 | 0.10 | 40.00 | Billable |
| 8/24/2020 | David S.<br>Conference<br>Telephone conference with Jaime Sanchez, Esq., re: his representation of defendants Ernie's Auto Detailing and Decena and possible extension of answer date and initial conference. | 400.00 | 0.30 | 120.00 | Billable |
| 8/27/2020 | David S.<br>Review<br>Review/analyze affidavit of service, via NY State Secretary of State, for defendant Bay Ridge Automotive Management Corp. | 400.00 | 0.10 | 40.00 | Billable |
| 8/27/2020 | David S.<br>Draft<br>Filing via ECF affidavit of service for defendant Bay Ridge Automotive Management Corp. | 125.00 | 0.10 | 12.50 | Billable |
| 8/31/2020 | David S.<br>Correspondence<br>Emails from and to opposing counsel re: his proposed letter to Judge Cogan and stipulation re: an extension of time to answer the complaint, and our review and comment in regard to the same. | 400.00 | 0.20 | 80.00 | Billable |
| 8/31/2020 | David N.<br>Review<br>Review order extending time for Ernies defendants to answer | 325.00 | 0.10 | 32.50 | Billable |
| 9/2/2020 | David N.<br>Phone client<br>Telephonic initial conference with Ignacio Monterroso about joining Almonte Ortega lawsuit against Ernie's | 325.00 | 0.90 | 292.50 | Billable |
| 9/3/2020 | David S.<br>Draft<br>Filing via ECF consent to sue on behalf of opt-in plaintiff Jose Luis Estrada. | 400.00 | 0.10 | 40.00 | Billable |
| 9/3/2020 | David N.<br>Phone client<br>Separate telephonic initial conferences with Jose Luis Estrada and Vielman Segura about joining Ernie's Auto case | 325.00 | 2.10 | 682.50 | Billable |
| 9/8/2020 | David S.<br>Draft<br>Filing via ECF consent to sue on behalf of opt-in plaintiff Vielman Segura (.1); filing via ECF affidavit of service for defendant Ernesto Decena (.1). | 125.00 | 0.20 | 25.00 | Billable |

7/8/2021                      Samuel and Stein
7:59 PM                      Fee Submission                      Page     4

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 9/8/2020 | David S.<br>Review<br>Review/analyze affidavit of service for defendant Ernesto Decena. | 400.00 | 0.10 | 40.00 | Billable |
| 9/9/2020 | David N.<br>Phone client<br>Telephonic initial conference with Douglas Segura about joining Ernie's case | 325.00 | 0.70 | 227.50 | Billable |
| 9/21/2020 | David S.<br>Draft<br>Drafting/preparing request for entry of default, certification of counsel in support of request for entry of default, and proposed Clerk's certificate of default - all as to defendant Bay Ridge Automotive Management Corp. | 400.00 | 0.80 | 320.00 | Billable |
| 9/21/2020 | David S.<br>Draft<br>Filing via ECF request for entry of default, certification of counsel in support of request for entry of default, and proposed Clerk's certificate of default - all as to defendant Bay Ridge Automotive Management Corp. | 125.00 | 0.10 | 12.50 | Billable |
| 9/21/2020 | David S.<br>Correspondence<br>Email to and from opposing counsel re: our working on pre-initial conference submissions. | 400.00 | 0.10 | 40.00 | Billable |
| 9/21/2020 | David N.<br>Phone client<br>Telephonic initial conference with Misael Dardon Reyes about joining Almonte Ortega lawsuit against Ernie's | 325.00 | 0.90 | 292.50 | Billable |
| 9/23/2020 | David S.<br>Correspondence<br>Drafting/preparing initial draft of joint letter to Judge Cogan and proposed case management plan, in preparation for September 30 initial conference (.9); telephone conference with, and emails from and to, Marc Zimmerman, Esq., re: his retention by defendant BRAM, our consent to vacate default, and our consent for extension of time for defendants to file an answer (.3); email to all defense counsel re: proposed joint letter and case management plan (.1). | 400.00 | 1.30 | 520.00 | Billable |
| 9/23/2020 | David S.<br>Draft<br>Filing via ECF consents to sue for opt-in plaintiffs Ignacio Monterroso and Manuel Alejandro de la Cruz. | 125.00 | 0.10 | 12.50 | Billable |
| 9/24/2020 | David S.<br>Correspondence<br>Emails from and to defendant BRAM's counsel re: their proposed letter to J. Cogan re: extension of time to answer, my review and comment in regard to said letter (.1); emails from and to opposing counsel re: scheduling telephone conference to discuss pre-initial conference | 400.00 | 0.20 | 80.00 | Billable |

Samuel and Stein
Fee Submission

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| | submissions (.1). | | | | |
| 9/24/2020 | David N.<br>Review<br>Review order extending time for BRAM defendants to answer | 325.00 | 0.10 | 32.50 | Billable |
| 9/25/2020 | David S.<br>Correspondence<br>Emails from and to Noel Tripp, Esq., re: scheduling conference call to discuss pre-initial conference submissions (.1); telephone conference with all counsel to discuss points raised in defendants' portion of pre-initial conference joint letter, plaintiffs' response thereto, and proposed case management plan (.3). | 400.00 | 0.40 | 160.00 | Billable |
| 9/25/2020 | David S.<br>Draft<br>Filing via ECF pre-initial conference joint letter and proposed case management plan. | 125.00 | 0.10 | 12.50 | Billable |
| 9/25/2020 | David N.<br>Review<br>Review order threatening sanctions against defendants for joint letter contributions | 325.00 | 0.20 | 65.00 | Billable |
| 9/28/2020 | David N.<br>Review<br>Review letter from defendants to court supplementing their initial conference submissions | 325.00 | 0.30 | 97.50 | Billable |
| 9/29/2020 | David S.<br>Review<br>Review/analyze affidavit of service for defendant Ernie's Auto Detailing. | 400.00 | 0.10 | 40.00 | Billable |
| 9/29/2020 | David S.<br>Draft<br>Filing via ECF affidavit of service for defendant Ernie's Auto Detailing. | 125.00 | 0.10 | 12.50 | Billable |
| 9/30/2020 | David S.<br>Court<br>In-person conference with David Nieporent, Esq., re: defendants' supplemental letter to Judge Cogan and re: preparation for today's initial conference (.4); conduct file review, including pre-initial conference submissions, in preparation for today's initial conference before Judge Cogan (.5); telephonic initial conference before Judge Cogan (.4); email to and from Noel Tripp, Esq., re: what he envisions as the scope of a collective (.1). | 400.00 | 1.40 | 560.00 | Billable |
| 9/30/2020 | David N.<br>Review<br>Review minute entry setting case management deadlines after initial conference | 325.00 | 0.10 | 32.50 | Billable |

7/8/2021                          Samuel and Stein
7:59 PM                           Fee Submission                                    Page      6

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 10/2/2020 | David N.<br>Analyze<br>Review and analyze defendant Ernies' answer | 325.00 | 0.60 | 195.00 | Billable |
| 10/6/2020 | David S.<br>Correspondence<br>Email from and to Marc Zimmerman, Esq., re: scheduling telephone conference to discuss BRAM's involvement in the case. | 400.00 | 0.10 | 40.00 | Billable |
| 10/7/2020 | David N.<br>Prep Pleadings<br>Draft amended complaint providing additional details about defendants for establishing employer status | 325.00 | 0.80 | 260.00 | Billable |
| 10/8/2020 | David N.<br>Analyze<br>Review and analyze BRAM defendants' answer to amended complaint | 325.00 | 0.50 | 162.50 | Billable |
| 10/12/2020 | David S.<br>Correspondence<br>Emails from and to NYS DoL investigator re: whether any new plaintiffs have joined the case. | 400.00 | 0.10 | 40.00 | Billable |
| 10/13/2020 | David N.<br>Review<br>Review additional FLSA lawsuits filed against Ernie's by C.K. Lee and James Sullivan and Michael Faillace to determine whether they support client's claims | 325.00 | 0.80 | 260.00 | Billable |
| 10/14/2020 | David S.<br>Draft<br>Filing via ECF consent to sue on behalf of opt-in plaintiff Misael Dardon Reyes. | 125.00 | 0.10 | 12.50 | Billable |
| 10/14/2020 | David N.<br>Draft<br>Prepare drafts of client declarations for Almonte Ortega and Urena for motion for collective certification | 325.00 | 1.40 | 455.00 | Billable |
| 10/15/2020 | David S.<br>Correspondence<br>Emails to and from opposing counsel re: plaintiffs' proposed collective action notice and opt-in consent form. | 400.00 | 0.10 | 40.00 | Billable |
| 10/15/2020 | David N.<br>Draft<br>Begin drafting proposed collective action notice and opt-in form | 325.00 | 0.50 | 162.50 | Billable |
| 10/16/2020 | David S.<br>Correspondence<br>Emails to and from opposing counsel re: request for feedback on proposed collective action documents as soon as possible today (for Sabbath | 400.00 | 0.10 | 40.00 | Billable |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| | reasons). | | | | |
| 10/18/2020 | David S.<br>Correspondence<br>Emails from and to Noel Tripp, Esq., re: proposed collective action stipulation. | 400.00 | 0.10 | 40.00 | Billable |
| 10/19/2020 | David S.<br>Correspondence<br>Emails to and from opposing counsel re: our proposed modifications to collective action stipulation, in particular whether the collective is to be limited only to BRAM locations (.2); telephone conference with David Nieporent, Esq., Noel Tripp, Esq., and Kathryn Lundy, Esq., re: ironing out issues as to the scope of plaintiffs' proposed collective action (.3); email from and to Noel Tripp, Esq., re: his proposed letter to Judge Cogan requesting a brief extension to submit either a stipulation or plaintiffs' motion for collective certification, and review of said letter (.1); email to Noel Tripp, Esq., re: list of all locations at which plaintiffs worked for defendant Ernie's (.1). | 400.00 | 0.70 | 280.00 | Billable |
| 10/19/2020 | David N.<br>Draft<br>Review and revise draft stipulation regarding collective action | 325.00 | 0.40 | 130.00 | Billable |
| 10/20/2020 | David S.<br>Correspondence<br>Follow-up email to Noel Tripp, Esq., re: whether defendants agree not to limit scope of collective to BRAM locations. | 400.00 | 0.10 | 40.00 | Billable |
| 10/20/2020 | David N.<br>Review<br>Review order granting extension of time to file 29 U.S.C. § 216(b) motion | 325.00 | 0.10 | 32.50 | Billable |
| 10/21/2020 | David N.<br>Analyze<br>Review and analyze Ernies' defendants' two answers to amended complaint | 325.00 | 0.70 | 227.50 | Billable |
| 10/22/2020 | David S.<br>Correspondence<br>Emails to and from opposing counsel re: our proposed edits to collective action stipulation and re: follow-up to our Oct. 15 email with proposed collective action notice and opt-in consent form. | 400.00 | 0.10 | 40.00 | Billable |
| 10/22/2020 | David N.<br>Analyze<br>Prepare preliminary damages calculation for Fed. R. Civ. P. 26 disclosures; Review file and prepare Rule 26 disclosures; review and analyze both sets of defendants' Fed. R. Civ. P. 26 disclosures (1.3); Review and re-revise draft stipulation regarding collective action (.2) | 325.00 | 1.50 | 487.50 | Billable |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 10/26/2020 | David S.<br>Correspondence<br>Emails from and to opposing counsel re: their proposed modifications to proposed collective action notice and opt-in consent form, and our mark-up in response thereto (.1); emails from and to, and subsequent telephone conference with, opposing counsel re: various issues in proposed collective action notice and opt-in consent form, particularly whether the opt-in consent form should be on blue paper (David Nieporent, Esq., also participated in foregoing telephone conference.) (.3). | 400.00 | 0.40 | 160.00 | Billable |
| 10/26/2020 | David N.<br>Draft<br>Review defendants' proposed revisions to collective action notice and opt-in form, and revise same (.6); review defendants' letter to court regarding blue paper dispute (.3) | 325.00 | 0.90 | 292.50 | Billable |
| 10/26/2020 | David N.<br>Phone Opp Atty<br>Telephone conference with DS and Ernies' counsel regarding form of notice and opt-in form (including blue paper issue) | 325.00 | 0.20<br>0.20 | 65.00<br>65.00 | No Charge |
| 11/2/2020 | David N.<br>Draft<br>Review order from court denying blue paper request | 325.00 | 0.10 | 32.50 | Billable |
| 11/3/2020 | David N.<br>Draft<br>Review file and begin drafting two sets of requests for admission, requests for documents, and interrogatories for service on defendants. | 325.00 | 1.70 | 552.50 | Billable |
| 11/4/2020 | David N.<br>Review<br>Review Ernies and BRAM defendants interrogatories and document demands | 325.00 | 0.60 | 195.00 | Billable |
| 11/5/2020 | David N.<br>Draft<br>Finalize discovery demands for service on defendants | 325.00 | 0.50 | 162.50 | Billable |
| 11/24/2020 | David S.<br>Correspondence<br>Emails from and to, and subsequent telephone conference with, Noel Tripp, Esq. re: defendants' production of collective action list, scheduling telephone conference, and then eventually having such conference to discuss opposing counsel's suggestion of conducting a mediation following opt-in period and limiting settlement only to opt-ins rather than on a class-wide basis. | 400.00 | 0.30 | 120.00 | Billable |
| 11/24/2020 | David N.<br>Review<br>Review collective action employee list produced by defendants | 325.00 | 0.30 | 97.50 | Billable |

7/8/2021                                          Samuel and Stein
7:59 PM                                           Fee Submission                                        Page        9

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|-----------------:|------------------:|------------------:|-------|
| 12/1/2020 | David S.<br>Conference<br>Telephone conference with Jaime Sanchez, Esq., re: plaintiffs' discovery demands. | 400.00 | 0.10 | 40.00 | Billable |
| 12/2/2020 | David S.<br>Conference<br>Telephone message from, emails from and to, and telephone conference with, Investigator Nolasco of the NYS Dept. of Labor re: new potential opt-in plaintiff (.1); telephone conference with Noel Tripp, Esq., re: today's filing by the U.S. DoL and its implications in our case (.1). | 400.00 | 0.20 | 80.00 | Billable |
| 12/2/2020 | David N.<br>Review<br>Review file and compile clients' documents for production to defendants | 325.00 | 2.10 | 682.50 | Billable |
| 12/3/2020 | David S.<br>Conference<br>Telephone message for, email to, and subsequent telephone conference with, Amy Tai, Esq., of the U.S. DoL re: her recently-filed case against defendants and implications of that action on our case (.4); emails to and from Noel Tripp, Esq., re: DoL's recent complaint (.1). | 400.00 | 0.50 | 200.00 | Billable |
| 12/3/2020 | David N.<br>Review<br>Pull DOL lawsuit against Ernie's from PACER and review it to assess how it impacts our case (.6); discussion with DS about same (.6) | 325.00 | 1.20 | 390.00 | Billable |
| 12/4/2020 | David S.<br>Correspondence<br>Emails from and to opposing counsel re: his proposed letter to Judge Cogan re: USDOL's Dec. 2 filing, our review of said letter, and back-and-forth about our proposed additional language thereto. | 400.00 | 0.30 | 120.00 | Billable |
| 12/4/2020 | David N.<br>Draft<br>Redo discovery demands for service on defendants based on their representation they did not receive them | 325.00 | 0.30 | 97.50 | Billable |
| 12/7/2020 | David N.<br>Draft<br>Review file and prepare discovery responses to both sets of defendants' discovery demands | 325.00 | 4.30 | 1,397.50 | Billable |
| 12/8/2020 | David S.<br>Court<br>Drafting/preparing letter and two emails to opposing counsels re: plaintiffs' responses to Requests for Production of Documents (.2); conduct file review in preparation for today's telephonic status conference with Judge Cogan (.4); telephonic status conference with J. Cogan re: DoL's recent filing, possibility of staying this action pending the outcome of the DoL case, and possibility of proceeding with collective action against defendant | 400.00 | 1.00 | 400.00 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| 7/8/2021 | | Samuel and Stein | | | |
| 7:59 PM | | Fee Submission | | Page | 10 |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| | BRAM (including time spent calling chambers twice because of dial-in problems and other attempts at connecting to the call) (.4). | | | | |
| 12/8/2020 | David N.<br>Review<br>Review order regarding submission of status report to court relating to DOL suit | 325.00 | 0.10 | 32.50 | Billable |
| 12/14/2020 | David S.<br>Correspondence<br>Email to, and subsequent telephone conference with, Noel Tripp, Esq., re: tomorrow's letter to Judge Cogan and whether his clients have an interest in settling out our clients. | 400.00 | 0.20 | 80.00 | Billable |
| 12/22/2020 | David N.<br>Review<br>Review order temporarily staying case in light of DOL suit | 325.00 | 0.10 | 32.50 | Billable |
| 12/24/2020 | David S.<br>Correspondence<br>Email to Noel Tripp, Esq., re: participating in global mediation with other plaintiffs' counsel. | 400.00 | 0.10 | 40.00 | Billable |
| 12/29/2020 | David S.<br>Correspondence<br>Emails to and from Noel Tripp, Esq., re: follow-up to Dec. 24 email about possible global mediation. | 400.00 | 0.10 | 40.00 | Billable |
| 1/15/2021 | David N.<br>Review<br>Review order inviting DOL to weigh in on disposition of this case | 325.00 | 0.10 | 32.50 | Billable |
| 1/27/2021 | David S.<br>Conference<br>Telephone message for, email to, and subsequent telephone conference with, Amy Tai, Esq., of the DoL re: whether the DoL takes any position with regard to consolidation of pending Eastern District cases against Ernie's as well as whether those actions should be stayed. | 400.00 | 0.20 | 80.00 | Billable |
| 1/28/2021 | David S.<br>Correspondence<br>Emails from and to DoL's attorney, Amy Tai, re: whether we consent to her request for an extension of time to respond to Judge Cogan's January 15 Order. | 400.00 | 0.10 | 40.00 | Billable |
| 2/5/2021 | David N.<br>Review<br>Review letter submitted by DOL to court | 325.00 | 0.20 | 65.00 | Billable |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 2/9/2021 | David S.<br>Correspondence<br>Email from and to DoL attorney re: possibly moving Feb. 18 conference to the week of Feb. 22. | 400.00 | 0.10 | 40.00 | Billable |
| 2/9/2021 | David N.<br>Review<br>Review order setting status conference | 325.00 | 0.10 | 32.50 | Billable |
| 2/11/2021 | David S.<br>Correspondence<br>Emails from and to Noel Tripp re: scheduling mediation and deciding which mediator to use. | 400.00 | 0.10 | 40.00 | Billable |
| 2/15/2021 | David S.<br>Correspondence<br>Emails from and to CK Lee, Esq., re: selection of mediator to mediate all cases - other than DoL's case - against defendant Ernie's. | 400.00 | 0.10 | 40.00 | Billable |
| 2/16/2021 | David S.<br>Correspondence<br>Emails to and from Noel Tripp, Esq., re: his email to mediator and to remember to copy David Nieporent, Esq., on his correspondence (.1); emails from and to CK Lee, Esq., re: proposed mediator and possible parameters of settlement (.1); review of proposed letter by Noel Tripp, Esq., to Judge Cogan and emails to and from him with our response/comment in regard thereto (.2). | 400.00 | 0.40 | 160.00 | Billable |
| 2/17/2021 | David S.<br>Correspondence<br>Emails to and from Noel Tripp, Esq., and other plaintiffs' counsel re: trying to schedule mediation with Marjorie Berman. | 400.00 | 0.20 | 80.00 | Billable |
| 2/18/2021 | David S.<br>Court<br>Emails to and from Noel Tripp, Esq., re: invitation to today's video conference and re: copying BRAM counsel on mediation emails (.1) video conference appearance before Judge Cogan re: status of discovery and upcoming mediation (.5); emails from and to CK Lee re: defendant Ernie's 30(b)(6) deposition and re: why defendant BRAM is a party to our case (.2). | 400.00 | 0.80 | 320.00 | Billable |
| 2/18/2021 | David N.<br>Review<br>Review minute entry, review mediation order | 325.00 | 0.10 | 32.50 | Billable |
| 2/19/2021 | David S.<br>Correspondence<br>Emails from and to defendant BRAM's counsel re: scheduling a time next week to discuss the case. | 400.00 | 0.10 | 40.00 | Billable |

7/8/2021                                    Samuel and Stein
7:59 PM                                     Fee Submission                                    Page      12

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 2/22/2021 | David S.<br>Conference<br>Telephone conference with BRAM's counsel and David Nieporent, Esq., re:<br>their involvement in the case and our position in regard thereto. | 400.00 | 0.50 | 200.00 | Billable |
| 3/5/2021 | David S.<br>Correspondence<br>Emails to and from Noel Tripp, Esq., re: firming up mediation date and<br>format in regard thereto (.1); email to CK Lee, Esq., re: scheduling<br>defendant Ernie's 30(b)(6) deposition in regard to documents production<br>(.1). | 400.00 | 0.20 | 80.00 | Billable |
| 3/11/2021 | David S.<br>Correspondence<br>Emails from and to BRAM's counsel re: their request for extension of time<br>to respond to our discovery demands (.1); emails from and to Noel Tripp,<br>Esq., re: whether we should do mediation with all parties jointly or each<br>case separately (.1). | 400.00 | 0.20 | 80.00 | Billable |
| 3/16/2021 | David S.<br>Correspondence<br>Email from and to mediator re: which plaintiffs we represent, who will<br>participate in the mediation, and our position in regard to whether to<br>mediate simultaneously with other plaintiffs or separately (.1); email from<br>and to BRAM's counsel re: plaintiffs' responses to their interrogatories:<br>email from and to Noel Tripp, Esq., re: today's Zoom conference call to<br>discuss mediation format (.1); Zoom conference call with mediator and<br>Noel Tripp, Esq., re: working out format for Mar. 24 mediation (.6). | 400.00 | 0.90 | 360.00 | Billable |
| 3/17/2021 | David N.<br>Review<br>Review and analyze BRAM defendants' responses to discovery | 325.00 | 0.50 | 162.50 | Billable |
| 3/22/2021 | David S.<br>Correspondence<br>Emails to and from BRAM's counsel re: Zoom invitation for Wednesday's<br>mediation session and re: schedule for which parties are supposed to join<br>when. | 400.00 | 0.10 | 40.00 | Billable |
| 3/22/2021 | David N.<br>Draft<br>Prepare ex parte settlement position statement for mediator Marjorie<br>Berman, including additional and updated damages calculations | 325.00 | 3.50 | 1,137.50 | Billable |
| 3/23/2021 | David N.<br>Review<br>Review and analyze Ernies defendants' responses to discovery | 325.00 | 1.50 | 487.50 | Billable |
| 3/24/2021 | David S.<br>Court<br>Conduct telephone conference with named plaintiffs and Spanish<br>interpreter re: what to expect at today's mediation session and respond to | 400.00 | 9.80 | 3,920.00 | Billable |

7/8/2021                 Samuel and Stein
7:59 PM                 Fee Submission                         Page     13

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|-----------------|-------------------|-------------------|-------|
| | their questions about the case and the mediation process (.5); conduct file review in preparation for today's mediation session (.8); participate in all-day mediation session with mediator Marjorie Berman, Esq. (8.5). | | | | |
| 3/25/2021 | David S.<br>Correspondence<br>Email to Margie Berman, Esq., re: thoughts about defendants' records and damages even if we were to accept the same. | 400.00 | 0.20 | 80.00 | Billable |
| 3/25/2021 | David N.<br>Analyze<br>Analyze spreadsheets provided by defendants for purposes of performing damages calculations for settlement discussions | 325.00 | 3.40 | 1,105.00 | Billable |
| 4/5/2021 | David S.<br>Review<br>Conduct file review in preparation for tomorrow's continued mediation (.5); email from and to mediator re: confirming tomorrow's mediation (.1). | 400.00 | 0.60 | 240.00 | Billable |
| 4/6/2021 | David S.<br>Court<br>Continued mediation session with Margie Berman, Esq. (3.8); telephone conference with Noel Tripp, Esq., re: timetable for defendants' production of financial documents (.1). | 400.00 | 3.90 | 1,560.00 | Billable |
| 4/7/2021 | David N.<br>Court<br>Review file in preparation for remote status conference; participate in remote status conference via Microsoft Teams | 325.00 | 0.60 | 195.00 | Billable |
| 4/15/2021 | David S.<br>Correspondence<br>Email from and to plaintiff Almonte Ortega re: my contact information. | 400.00 | 0.10 | 40.00 | Billable |
| 4/16/2021 | David S.<br>Conference<br>Telephone conference with plaintiff Diaz-Minaya re: case status and whether defendant Ernie's turned over documents relating to its financial condition. | 400.00 | 0.10 | 40.00 | Billable |
| 4/20/2021 | David S.<br>Correspondence<br>Emails from and to CK Lee, Esq., re: scheduling depositions. | 400.00 | 0.10 | 40.00 | Billable |
| 4/26/2021 | David S.<br>Correspondence<br>Email to Noel Tripp, Esq., re: deposing his clients the week of May 10. | 400.00 | 0.10 | 40.00 | Billable |

7/8/2021                                       Samuel and Stein
7:59 PM                                        Fee Submission                                    Page      14

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 4/28/2021 | David S.<br>Correspondence<br>Emails from and to Noel Tripp, Esq., re: setting up review of defendant<br>Ernie's financial documents. | 400.00 | 0.10 | 40.00 | Billable |
| 4/30/2021 | David S.<br>Correspondence<br>Email from and to Noel Tripp, Esq., re: confidentiality of financial<br>documents to be produced by defendant Ernie's. | 400.00 | 0.10 | 40.00 | Billable |
| 5/3/2021 | David S.<br>Conference<br>Emails from and to, and two subsequent telephone conferences with,<br>defendant BRAM's counsel re: possibly letting their client out of the case<br>in exchange for some monetary payment. | 400.00 | 0.20 | 80.00 | Billable |
| 5/12/2021 | David N.<br>Conference<br>Meeting with Almonte Ortega, Urena, Diaz, and Berroa Hernandez to<br>prepare them for their depositions | 325.00 | 2.40 | 780.00 | Billable |
| 5/14/2021 | David S.<br>Conference<br>Emails from and to, telephone message from, and subsequent telephone<br>conference with, opposing counsel re: settlement discussions. | 400.00 | 0.20 | 80.00 | Billable |
| 5/19/2021 | David S.<br>Conference<br>Emails from and to, and three subsequent telephone conferences with,<br>Noel Tripp, Esq., re: additional settlement discussions (.3); three<br>telephone conferences with, and emails from and to, Marc Zimmerman,<br>Esq., re: possible settlement with BRAM defendants (.3). | 400.00 | 0.60 | 240.00 | Billable |
| 5/20/2021 | David S.<br>Correspondence<br>Emails to and from, and two subsequent telephone conferences with, Noel<br>Tripp, Esq., re: additional settlement negotiations about structure of<br>settlement payments (.2); emails from and to Marc Zimmerman, Esq., re:<br>settlement with defendant BRAM (.1); confirmatory email to Noel Tripp,<br>Esq., re: settlement and terms thereof (.1). | 400.00 | 0.40 | 160.00 | Billable |
| 5/27/2021 | David S.<br>Correspondence<br>Drafting/preparing letter to Judge Cogan re: recent settlement and request<br>to adjourn all dates sine die (.3); email to all counsel re: proposed<br>foregoing letter (.1). | 400.00 | 0.40 | 160.00 | Billable |
| 5/28/2021 | David S.<br>Conference<br>Emails from and to, and subsequent telephone conference with, Noel<br>Tripp, Esq., re: possible Rule 68 offer, possibly computing FLSA vs. NYLL<br>damages for purposes of splitting the settlement, and proposed letter to | 400.00 | 0.30 | 120.00 | Billable |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| | Judge Cogan re: resolution. | | | | |
| 5/28/2021 | David S.<br>Draft<br>Filing via ECF letter to Judge Cogan re: resolution and request for time to submit appropriate paperwork. | 125.00 | 0.10 | 12.50 | Billable |
| 5/28/2021 | David N.<br>Review<br>Review order setting Cheeks deadline | 325.00 | 0.10 | 32.50 | Billable |
| 6/8/2021 | David S.<br>Draft<br>Drafting/preparing initial draft of settlement agreement with the Ernie's defendants. | 400.00 | 1.80 | 720.00 | Billable |
| 6/9/2021 | David S.<br>Draft<br>Drafting/preparing initial draft of "BRAM" settlement agreement. | 400.00 | 0.90 | 360.00 | Billable |
| 6/17/2021 | David S.<br>Conference<br>Telephone conference with Marc Zimmerman, Esq., re: additional discussion about terms of settlement payment by defendants. | 400.00 | 0.30 | 120.00 | Billable |
| 6/21/2021 | David S.<br>Conference<br>Telephone conference with Jorge Almonte Ortega re: status of settlement papers (.1); emails from and to Noel Tripp, Esq., re: two initial issues that we noticed in regard to his draft settlement agreement (.2). | 400.00 | 0.30 | 120.00 | Billable |
| 6/22/2021 | David S.<br>Correspondence<br>Emails from and to Kathryn Lundy, Esq., re: status of settlement papers (.1); email from and to Noel Tripp, Esq., re: his proposed letter to Judge Cogan and our review of same (.1). | 400.00 | 0.20 | 80.00 | Billable |
| 6/22/2021 | David N.<br>Draft<br>Review draft settlement agreements prepared by defendants (.7); review order extending cheeks Deadline (.1) | 325.00 | 0.80 | 260.00 | Billable |
| 7/1/2021 | David S.<br>Correspondence<br>Email from and to Noel Tripp, Esq., re: status of our review of settlement agreement. | 400.00 | 0.10 | 40.00 | Billable |
| 7/1/2021 | David N.<br>Draft<br>Revise defendants' proposed settlement agreements | 325.00 | 1.10 | 357.50 | Billable |

Samuel and Stein
Fee Submission

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 7/2/2021 | David N.<br>Review<br>Review order granting another Cheeks extension | 325.00 | 0.10 | 32.50 | Billable |
| 7/7/2021 | David N.<br>Draft<br>Further revisions to proposed settlement agreements as well as Cheeks letter | 325.00 | 1.50 | 487.50 | Billable |
| TOTAL | Billable Fees<br>No Charge | | 95.70<br>0.20 | $65.00 | $33,540.00 |

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 7/7/2020 | David S.<br>Filing Fee<br>Complaint filing fee. | 400.00 | 1.000 | 400.00 | Billable |
| 8/14/2020 | David S.<br>Service Fee<br>Fee for service of process on defendant Ernie's Auto Detailing Inc. | 75.00 | 1.000 | 75.00 | Billable |
| 8/20/2020 | David S.<br>Service Fee<br>Fee for service of process, via NY Secretary of State, on defendant Bay Ridge Automotive Management Corp. | 115.00 | 1.000 | 115.00 | Billable |
| 3/24/2021 | David S.<br>Filing Fee<br>Our clients' portion of mediator's fee for today's mediation. | 425.00 | 1.000 | 425.00 | Billable |
| 3/24/2021 | David S.<br>Interpretation/Translation<br>Spanish interpreter's fee for today's all-day mediation session (8.0 @ $35.00/hr.) | 280.00 | 1.000 | 280.00 | Billable |
| 4/6/2021 | David S.<br>Filing Fee<br>Our clients' portion of mediator's fee for today's continued mediation session. | 750.00 | 1.000 | 750.00 | Billable |
| 4/6/2021 | David S.<br>Interpretation/Translation<br>Fee for three hours of Spanish interpreter's time, at $35.00/hr., at continued mediation session (3 x $35.00 = $105.00) | 105.00 | 1.000 | 105.00 | Billable |
| 5/12/2021 | David S.<br>Interpretation/Translation<br>Spanish interpreter's fee for 2.5 hours @ $35.00/hr. re: deposition | 87.50 | 1.000 | 87.50 | Billable |

Almonte Ortega, Jorge: (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| | preparation session for plaintiffs Jorge Almonte Ortega, Joel Urena, Manuel Diaz Minaya, and Odalis Berroa Hernandez.  (Plaintiff Victor Moreno did not show up.). | | | | |
| TOTAL | Billable Costs | | | | $2,237.50 |

| | | | | Amount | Total |
|---|---|---|---|--------|-------|
| Total of Fees (Time Charges) | | | | | $33,540.00 |
| Total of Costs (Expense Charges) | | | | | $2,237.50 |
| Total new charges | | | | | $35,777.50 |
| New Balance<br>Current | | | | $35,777.50 | |
| Total New Balance | | | | | $35,777.50 |

### Timekeeper Summary

| Timekeeper | Rate | Hours | Charges | Slip Value | Adjustment |
|------------|------|-------|---------|------------|------------|
| DS | 400.00 | 35.70 | $14,280.00 | $14,280.00 | 0.00 |
| DS | 125.00 | 1.20 | $150.00 | $150.00 | 0.00 |
| DN | 325.00 | 58.80 | $19,110.00 | $19,110.00 | 0.00 |
| DN | 0.00 | 0.20 | $0.00 | $0.00 | 0.00 |